IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **FRANCIS J. BUTTA**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**GEICO CASUALTY COMPANY**,<br><br>Defendant. | Case No.:<br><br>(Removed from the Court of Common Pleas of Philadelphia County Case No. 190102146) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant GEICO Casualty Company ("Defendant" or "GEICO"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, removes this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. Removal is proper on the following grounds:

I.   **Introduction**

1.     Plaintiff Francis J. Butta ("Plaintiff") commenced this action in the Court of Common Pleas of Philadelphia County by filing a complaint on or about January 23, 2019. Defendant was served with the complaint two days later, on January 25, 2018. Pursuant to 28 U.S.C. § 1446(a), a copy of the complaint and all other process, pleadings, and orders served on Defendant to date are attached hereto as Exhibit A.

2.     Plaintiff's complaint asserts a breach-of-contract claim on behalf of himself and a putative class of insurance policyholders, alleging that Defendant unlawfully denied his insurance claim. (Compl. ¶ 63.)  He seeks both declaratory relief and compensatory damages. (*Id.* ¶¶ 90–149.)  Defendant denies these allegations and denies any liability to Plaintiff.

3.    The amount of alleged compensatory damages requested by Plaintiff individually against Defendant, as set forth in the complaint, is $200,000.00. (*Id.* ¶ 149.) Plaintiff also requests an unspecified award to each putative class member.

4.    As explained below, this case is properly removed to this Court because Defendant has satisfied the procedural requirements for removal and this Court has subject-matter jurisdiction over the action under 28 U.S.C. §§ 1441 and 1332(a).

## II.    The Procedural Requirements for Removal Are Satisfied.

5.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of January 25, 2019, the date of receipt by Defendant, through service or otherwise, of a copy of the complaint.

6.    Venue is proper under 28 U.S.C. § 1441(a) because the Eastern District of Pennsylvania embraces the county and court in which Plaintiff filed this action.

7.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Court of Common Pleas of Philadelphia County, and a copy of this Notice of Removal is being served on all parties to this lawsuit on this date.

8.    A copy of all process, pleadings and orders served upon Defendant is attached to this Notice of Removal as required by 28 U.S.C. § 1446(a). *See* Exhibit A.

## III.    Diversity Jurisdiction Exists Under 28 U.S.C § 1332.

9.    Federal district courts have subject matter jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(l) citizens of different States." 28 U.S.C. § 1332(a)(l).

10.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the action is between citizens of different states. 28 U.S.C. §§1332(a), 1441(b).

**A.      Amount in Controversy.**

11.     The amount of alleged compensatory damages against Defendant as set forth in the complaint is $200,000.00 for Plaintiff's individual claims, and an unspecified amount for putative class claims.  (Compl. ¶ 149).

12.     Plaintiff's alleged compensatory damages alone plainly exceed the $75,000 amount-in-controversy requirement.

13.     While Defendant denies that Plaintiff is entitled to any relief, based on the allegations of the complaint, the aggregate value of Plaintiff's claims exceeds the $75,000 jurisdictional amount-in-controversy threshold of 28 U.S.C. § 1332(a).

**B.      Citizenship.**

14.     Plaintiff is an adult citizen and resident of the Commonwealth of Pennsylvania residing at 1970 Veterans Highway, Levittown, Pennsylvania 19056.  (Compl. ¶ 2.)

15.     For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(l).

16.     Defendant GEICO Casualty Company is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Maryland.  (Compl. ¶ 3).  Under § 1332(c)(l), GEICO Casualty Company therefore is a citizen of the State of Maryland, and not a citizen of the State of Pennsylvania.

17.     Because Defendant is a citizen of Maryland and Plaintiff is a citizen of Pennsylvania, there is complete diversity of citizenship between Plaintiff and Defendant.

**IV.     Conclusion**

18.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), and removal is proper under 28 U.S.C. §§ 1441 and 1446, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this is a civil action between citizens of different states.

19.     Defendant, by filing this Notice of Removal, does not waive any defenses or objections available to it under the law. Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant hereby removes this action to the United States District Court for the Eastern District of Pennsylvania and requests that the Court of Common Pleas of Philadelphia County proceed no further with respect to this action.

Dated: February 14, 2019.

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

Kymberly Kochis (Pa. Bar No. 319846)
Michael R. Nelson (Pa. Bar No. 065679)
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036-7703
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
kymberlykochis@eversheds-sutherland.com
mikenelson@eversheds-sutherland.com

**Attorneys for Defendant**
**GEICO Casualty Company**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Notice of Removal** has been served this day by United States mail, postage prepaid, with a courtesy copy by e-mail, upon counsel for Plaintiff addressed as follows:

James C. Haggerty
Suzanne Tighe
Jeffrey K. Stanton
HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.
1835 Market Street, Suite 2700
Philadelphia, Pennsylvania 19103
jhaggerty@hgsklawyers.com
stighe@hgsklawyers.com
jstanton@hgsklawyers.com

Scott B. Cooper
Schmidt Kramer PC
209 State Street
Harrisburg, PA 17101
scooper@schmidtkramer.com

This 14th day of February, 2019.

Kymberly Kochis (Pa. Bar No. 319846)

# EXHIBIT A

# (COPIES OF ALL PLEADINGS FROM STATE COURT CASE)

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
JANUARY 2019
E-Filing Number: 1901050549
002146

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| FRANCIS J. BUTTA | GEICO CASUALTY COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1970 VETERANS HIGHWAY, N3<br>LEVITTOWN PA 19056 | 5260 WESTERN AVENUE<br>CHEVY CHASE MD 20815 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
[ ] $50,000.00 or less
[X] More than $50,000.00

COURT PROGRAMS
[ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement
[ ] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors
[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival
[X] Other: CLASS ACTION

CASE TYPE AND CODE
C1 - CLASS ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
JAN 23 2019
M. BRYANT

IS CASE SUBJECT TO COORDINATION ORDER?   YES   NO

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: FRANCIS J BUTTA
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES C. HAGGERTY | 1835 MARKET STREET<br>SUITE 2700<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (267)350-6600 | (215)665-8201 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 30003 | jhaggerty@hgsklawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JAMES HAGGERTY | Wednesday, January 23, 2019, 09:23 am |

FINAL COPY (Approved by the Prothonotary Clerk)

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

FRANCIS J. BUTTA                                :
INDIVIDUALLY AND ON BEHALF OF A                 :        Filed and Attested by the
CLASS OF SIMILARLY SITUATED PERSONS             :        Office of Judicial Records
1970 Veterans Highway, N3                       :        23 JAN 2019 09:33 am
Levittown, PA 19056                             :
                                                :
              vs.                               : NO.
                                                :
GEICO CASUALTY COMPANY                          :
5260 Western Avenue                             :
Chevy Chase, MD 20815                           :

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandos expuestas en las páginas sigiuentes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder diner or sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: 215-238-1701 | ASOCIACIÓN DE LA LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: 215-238-1701 |

Case ID: 190102146

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | |
|---|---|
| FRANCIS J. BUTTA<br>INDIVIDUALLY AND ON BEHALF OF A<br>CLASS OF SIMILARLY SITUATED PERSONS<br>1970 Veterans Highway, N3<br>Levittown, PA  19056 | :<br>:<br>:<br>:<br>:<br>: |
| vs. | : NO.<br>: |
| GEICO CASUALTY COMPANY<br>5260 Western Avenue<br>Chevy Chase, MD  20815 | :<br>:<br>: |

## CIVIL ACTION – CLASS ACTION COMPLAINT

### Parties

1.     The plaintiff, Francis J. Butta, is an adult individual citizen and resident of the
Commonwealth of Pennsylvania residing at 1970 Veterans Highway, Levittown, Pennsylvania
19056.

2.     At all times material hereto, the plaintiff, Francis J. Butta, resided with his
parents, Francis R. Butta and Yvonne A. Butta, at 1970 Veterans Highway, Apartment N-3,
Levittown, Pennsylvania 19056.

3.     The defendant, GEICO Casualty Company ("GEICO Casualty"), is a corporation
organized and existing under the laws of the is corporation organized and existing in the State of
Maryland, with its principal place of business in Chevy Chase, Maryland, being duly authorized to
regularly and routinely and conducting business in the City and County of Philadelphia,
Pennsylvania.

4.     The defendant, GEICO Casualty, regularly and routinely conducts business in the
City and County of Philadelphia.

1

5.      The present action seeks declaratory relief and compensatory contractual underinsured motorist benefits on behalf of the individual plaintiff, and on behalf of a class of similarly situated persons, under Insurance Policies issued by the defendant, GEICO Casualty, in the Commonwealth of Pennsylvania.

**Insurance Coverage**

6.      At all times material hereto, there existed, in full force and effect, a Pennsylvania Motorcycle Insurance Policy (No. 4501-47-61-80) issued by the GEICO Casualty Company to the plaintiff, Francis J. Butta, providing coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.  ("MVFRL" or "Financial Responsibility Law").

7.      The Motorcycle Policy issued by the defendant, GEICO Casualty, to the plaintiff, Francis J. Butta, provides, *inter alia*, $15,000.00/$30,000.00 in stacked underinsured motorist coverage for one (1) motorcycle.

8.      At all times material hereto, there existed, in full force and effect, a Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta (Policy No. 4282-59-15-95) providing coverage in accordance with the requirements of the MVFRL.  True and correct copies of the Declarations Pages and the Underinsured Motorist Coverage Pennsylvania (Stacked Limits) endorsement are attached hereto as Exhibit "A".

9.      The Personal Automobile Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta provided, *inter alia*, $300,000.00 in stacked underinsured motorist coverage for two vehicles.    See Exhibit "A".

**2**

## Accident

10.     On July 20, 2017, the plaintiff, Francis J. Butta, was operating a Piaggio Motorcycle in an eastbound direction on Trenton Road at or near its intersection with Forsythia Drive in Middletown Township, Bucks County, Pennsylvania.

11.     On July 20, 2017, June E. Rosengrant was operating a Hyundai Santa Fe SUV in a westbound direction on Trenton Road at or near its intersection with Forsythia Drive in Middletown Township, Bucks County, Pennsylvania.

12.     The plaintiff, Francis J. Butta, was lawfully driving through the intersection of Trenton Road and Forsythia Drive when June E. Rosengrant, without notice, abruptly made a left hand turn directly into his motorcycle, striking him in his lane of travel.

13.     June E. Rosengrant violently collided with the motorcycle being operated by the plaintiff, Francis J. Butta, in the eastbound lane of Trenton Road, causing the plaintiff, Francis J. Butta, to be catapulted from the vehicle onto the highway.

14.     The plaintiff, Francis J. Butta, sustained serious and permanent injuries in the collision.

15.     The serious and permanent injuries sustained by Francis J. Butta were caused by the negligence and carelessness of June E. Rosengrant.

## Tort Action

16.     At the time of the accident there existed a Personal Automobile Policy of Insurance  issued by the New Jersey Manufacturers Insurance Company to June E. Rosengrant providing coverage in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

3

17.     The policy of insurance issued by the New Jersey Manufacturers Insurance Company to June E. Rosengrant provided, *inter alia,* $300,000.00 in liability coverage.

18.     Following the motor vehicle accident, the plaintiff, Francis J. Butta, made claim upon June E. Rosengrant and the New Jersey Manufacturers Insurance Company for recovery of damages in tort.

19.     The liability coverage available to June E. Rosengrant for her negligence and carelessness in the operation of her motor vehicle on July 20, 2017 is insufficient to compensate the plaintiff, Francis J. Butta, for the serious injuries and damages sustained in the accident.

20.     June E. Rosengrant is an underinsured motorist as defined by the relevant policies of insurance and the MVFRL.

### Underinsured Motorist Claim (Motorcycle Policy)

21.     Following the June 20, 2017 motor vehicle accident, the plaintiff, Francis J. Butta, made claim upon the GEICO Indemnity Company for recovery of underinsured motorist benefits.

22.     Following receipt of the claim for recovery of underinsured motorist benefits, the GEICO Indemnity Company, tendered to the plaintiff, Francis J. Butta, the $15,000.00 limit of underinsured motorist coverage under the Motorcycle Policy.

23.     The limits of liability coverage of the policy issued by the New Jersey Manufacturers Insurance Company to June E. Rosengrant and the limits of primary underinsured motorist coverage of the policy issued by the GEICO Indemnity Company, are insufficient to compensate the plaintiff, Francis J. Butta, for the serious and permanent injuries sustained in the July 20, 2017 motor vehicle accident.

4

## Underinsured Motorist Claim (Personal Auto Policy)

24.     Following the July 20, 2017 motor vehicle accident, the plaintiff, Francis J. Butta, made claim upon the defendant, GEICO Casualty, seeking recovery of underinsured motorist benefits under the policy of insurance issued to his parents, Francis R. Butta and Yvonne A. Butta.

25.     Following receipt of the claim for recovery of underinsured motorist benefits under the Personal Auto Policy issued to Francis R. Butta and Yvonne Butta, the defendant, GEICO Casualty, denied and disclaimed the claim of Francis J. Butta.

26.     By letter dated August 18, 2017, Caroline Kearns of the Claims Department of the defendant, GEICO Casualty, issued a formal denial and disclaimer stating, in pertinent part:

> With respect to the automobile accident on July 20, 2017, GEICO Casualty Insurance Company hereby disclaims and denies any and all liability or obligation to you and to others under Policy No. 4282591595 issued to Francis Richard Butta.
>
> This disclaimer is made per Section IV Underinsured Motorist Coverage, Exclusion 2 of the policy, as amended, which states:
>
> EXCLUSIONS
>
> When This Coverage Does Not Apply
>
> 2.     This coverage does not apply to *bodily injury* while *occupying* or from being struck by a vehicle owned or leased by *you* or a *relative* that is not insured for Underinsured Motorist Coverage under this policy.
>
> The Underinsured Motorist Coverage does not apply to you with regards to the above referenced date of loss as you are a relative of Francis Richard Butta and the 2007 PIAG/Vespa Fly 150 involved in this loss is not insured under Francis Richard Butta's Policy.

A true and correct copy of the August 18, 2017 letter is attached hereto and marked Exhibit "B".

27.     The denial and disclaimer of coverage by the defendant, GEICO Casualty, is

5

premised upon the household exclusion, as noted above, set forth in the Personal Auto Policy issued to Francis R. Butta and Yvonna A. Butta.

28.    The household exclusion is violative of the MVFRL in that it abrogates the inter-policy stacking of the underinsured motorist coverage in the household for which a specific, additional premium was charged and accepted.

Stacking of Underinsured Motorist Coverage

29.    Under the Financial Responsibility Law, uninsured and underinsured motorist coverages are to be stacked unless waived by the named insured.

30.    Section 1738 of the MVFRL provides, in pertinent part:

(a) **Limit for each vehicle.-** When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverage available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

(b) **Waiver.-** Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking or uninsured or underinsured coverage in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

(c) **More than one vehicle.-** Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase as described coverage as described in subsection (b). The premiums for an insured who exercise such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S.A. §§ 1738(a)(b) and (c).

31.    Stacking of uninsured and underinsured motorist coverages includes both intra-policy stacking and inter-policy stacking.

32.    Intra-policy stacking is the cumulation of multiple coverages under single policies; inter-policy stacking is the cumulation of multiple coverages under multiple policies in

6

a household.

33.     The plaintiff, Francis J. Butta, selected and paid for stacked underinsured motorist coverage under the Motorcycle Policy issued by the GEICO Indemnity Company.

34.     Francis R. Butta and Yvonne A. Butta selected and paid for stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty.

35.     As a resident relative of the household of Francis R. Butta and Yvonne A. Butta, the plaintiff, Francis J. Butta, is entitled to stack the underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta.

36.     As a resident relative of the household of Francis R. Butta and Yvonne A. Butta, the plaintiff, Francis J. Butta, is entitled to recover stacked underinsured motorist benefits under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta.

### Eligibility to Recover

37.     The Insuring Agreement of the Underinsured Motorist Coverage Pennsylvania (Stacked Limits) endorsement of the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta provides, in pertinent part:

LOSSES WE PAY

Under this coverage, we will pay damages for *bodily injury* caused by an accident which the *insured* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* arising out of the ownership, maintenance or use of that vehicle.

See Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage, Pennsylvania (Stacked Limits), p. 1.

38.     Under the Personal Auto Policy issued by the defendant, GEICO Casualty, to

7

Francis R. Butta and Yvonne A. Butta, *insured* is defined as follows:

*Insured* means:

(a)    You;
(b)    *A household* member,

See Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage

Pennsylvania (Stacked Limits), p. 1.

     39.     The plaintiff, Francis J. Butta, is an insured for purposes of underinsured motorist

coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R.

Butta and Yvonne A. Butta.

     40.     The plaintiff, Francis J. Butta, is a member of the household of Francis R. Butta

and Yvonne A. Butta; therefore, the plaintiff, Francis J. Butta, is an insured for purposes of

recovery of underinsured motorist benefits under the Personal Auto Policy issued by the

defendant, GEICO Casualty.

     41.     Under the Personal Auto Policy issued by the defendant, GEICO Casualty, to

Francis R. Butta and Yvonne A. Butta, *underinsured motor vehicle* is defined as follows:

Underinsured Motor Vehicle means:

a motor vehicle for which the limits of available liability insurance and self-insurance are
insufficient to pay losses and damages.

See Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage

Pennsylvania (Stacked Limits), p. 1.

     42.     The vehicle operated by June E. Rosengrant has insufficient liability coverage to

pay for the losses and damages sustained by the plaintiff, Francis J. Butta, in the July 20, 2017

motor vehicle accident; therefore, the vehicle operated by June E. Rosengrant is an underinsured

motor vehicle.

8

43.     The plaintiff, Francis J. Butta, is entitled to and eligible for recovery of stacked underinsured motorist benefits under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta.

### Amount of Recovery

44.     The policy of insurance issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta, sets forth the amount of underinsured motorist benefits recoverable by an eligible claimant.

45.     The policy of insurance issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta, provides, in pertinent part:

LIMIT OF LIABILITY

1. For *you* or a *household member*, the most we will pay for all damages including those for care or loss of services due to *bodily injury* to one person in any one accident is the sum of the "each person" limits for Underinsured Motorist Coverage shown in the Declarations applicable to each vehicle.

See Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage Pennsylvania (Stacked Limits), p. 2.

46.     The plaintiff, Francis J. Butta, is entitled to recover, therefore, up to $200,000.00 in underinsured motorist benefits from the defendant, GEICO Casualty, under the Personal Auto Policy issued to Francis R. Butta and Yvonne A. Butta.

### Disclaimer of Coverage

47.     The denial and disclaimer of underinsured motorist coverage under the Personal Auto Policy issued to Francis R. Butta and Yvonne A. Butta by the defendant, GEICO Casualty, was based upon the household exclusion contained in that policy.  See Exhibit "A".

48.     The household exclusion contained in the Personal Auto Policy issued by the

9

defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta, provides:

> EXCLUSIONS
>
> When This Coverage Does Not Apply
>
> 2. This coverage does not apply to *bodily injury* while *occupying* or from being struck by a vehicle owned or leased by *you* or a *relative* that is not insured for Underinsured Motorist Coverage under this policy.

See Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage, Pennsylvania (Stacked Limits), p. 2.

49.     The household exclusion contained in the Personal Auto Policy issued to Francis R. Butta and Yvonne A. Butta purportedly eliminates the stacking benefit for which Francis R. Butta and Yvonne A. Butta paid an additional premium.

50.     Francis R. Butta and Yvonne A. Butta specifically selected stacking underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty.

51.     Francis R. Butta and Yvonne A. Butta paid an additional premium for stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty.

52.     The stacking benefit selected by Francis R. Butta and Yvonne A. Butta under the Personal Auto Policy issued by GEICO Casualty includes inter-policy stacking.

53.     The selection of inter-policy stacking by Francis R. Butta and Yvonne A. Butta thereby permits their son, Francis J. Butta, to recover additional, stacked underinsured motorist benefits under the Personal Auto Policy issued by the defendant, GEICO Casualty.

54.     The household exclusion is a hidden and disguised waiver of inter-policy stacking under the Personal Auto Policy issued by the defendant, GEICO Casualty.

55.     The Legislature has stated that stacking may only be waived provided the named

10

insured signs a form as set forth in the MVFRL.

56.    Section 1738 of the Financial Responsibility Law provides, in pertinent part:

(d) Forms.-

(1) The named insured shall be informed that he may exercise the waiver of the stacked limits of uninsured motorist coverage by signing the following written rejection from:

## UNINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage  available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduces to the limits stated in the policy. I knowingly and voluntarily reject the staked limits of coverage . I understand that my premium will be reduced if I reject this coverage.

_____
Signature of First Named Insured

_____
Date

(2) The named insured shall be informed that he may exercise the waiver of the stacked limits on underinsured motorist coverage by signing the following written rejection form:

## UNDERINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead , the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy.  I knowingly and voluntarily reject that stacked limits of coverage.  I understand that my premium will be reduced if I reject this coverage .

_____
Signature of First Named Insured

_____
Date

11

> (e) Signature and date.- The forms described in subsection(d) must be signed by the first named insured and dated to be valid. Any rejection form that does not comply with this section is void.

75 Pa.C.S.A. §§ 1738(d),(e).

57.     Francis R. Butta and Yvonne A. Butta did not sign a Rejection of Stacked Underinsured Motorist Coverage.

58.     Francis R. Butta and Yvonne A. Butta, in fact, elected to have stacked underinsured motorist coverage under the Personal Auto Policy for the benefit of themselves and members of their household.

59.     As a resident relative of Francis R. Butta and Yvonne A. Butta, the plaintiff, Francis J. Butta, is eligible for recovery of stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta.

60.     The denial and disclaimer of stacked underinsured motorist coverage by reason of the household exclusion to the plaintiff, Francis J. Butta, is illegal and violative of the MVFRL.

61.     The household exclusion is a disguised and hidden waiver of stacking of inter-policy underinsured motorist coverage to which Francis R. Butta and Yvonne A. Butta never agreed or consented.

## Class Action Allegations

62.     The plaintiff, Francis J. Butta, brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure.

63.     The defendant, GEICO Casualty, has continuously, systematically, wrongfully and wantonly denied and/or failed to acknowledge the availability of stacked uninsured and

12

underinsured motorist coverages under policies issued in accordance with the requirements of the MVFRL by reason of the household exclusion under policies where stacked coverage has been elected.

64.     The plaintiff, Francis J. Butta, seeks to represent a class of persons injured in motor vehicle accidents from 2013 to the present as a result of the negligence of an uninsured or an underinsured motorist who were insureds under Automobile Policies providing uninsured and/or underinsured motorist coverage in accordance with the MVFRL and where: (a) the named insured elected stacked uninsured and underinsured motorist coverage; (b) the named insured paid an additional premium for stacked uninsured and/or underinsured motorist coverage; (c) a claim was made for recovery of uninsured and/or underinsured motorist coverage under the policy; (d) the claim for recovery of uninsured or underinsured motorist coverage was denied by reason of the household exclusion; and  (e) inter-policy stacking of underinsured motorist benefits was denied to an otherwise eligible claimant by reason of the household exclusion where, nonetheless, the named insured had elected and paid for stacked uninsured and/or underinsured motorist coverage under the policy.

65.     The plaintiff, Francis J. Butta, reserves the right to amend the definition and/or identify subclasses upon completion of class certification.

66.     The putative class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

67.     The members of the class are so numerous that joinder of them is impracticable.

68.     Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, GEICO Casualty.

13

69.     A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and receive the necessary underinsured motorist benefits under the policies of insurance in question.

70.     A class action is the only practicable means available to prevent the defendant, GEICO Casualty, from engaging in the continuous and systematic illegal and unlawful conduct under the Pennsylvania Motor Vehicle Financial Responsibility Law and to remedy the harm created by this illegal and unlawful conduct.

71.     The questions of law and fact are common to the members of the class which the plaintiff, Francis J. Butta, seeks to represent.

72.     The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

73.     The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

  (a)     Each member of the class suffered injury as a result of the negligence of an uninsured and/or underinsured motorist;

  (b)     Each member of the class is eligible as a named insured or an insured to recover uninsured and/or underinsured motorist benefits under a policy of insurance issued by the defendant, GEICO Casualty, which provided stacked uninsured and/or underinsured motorist coverage in accordance with the MVFRL;

  (c)     Each policy under which each class member is eligible to recover uninsured and/or underinsured motorist benefits in connection with injuries sustained in a motor vehicle accident;

  (d)     Under each policy, the named insured selected and paid for stacked uninsured and/or underinsured motorist coverage;

  (e)     Under each  policy, a named insured or an insured made claim for recovery of uninsured and/or underinsured motorist benefits under the policy providing stacked coverage;

14

(f)     Under each policy, the claim for recovery of uninsured and/or underinsured motorist benefits was denied by reason of the household exclusion contained in the policy;

(g)     The denial and disclaimer of uninsured and/or underinsured motorist coverage by reason of the household exclusion is illegal and violative of the terms and provisions of the MVFRL;

(h)     The household exclusion contained in each policy is a disguised stacking waiver which is violative of the terms and provisions of the MVFRL;

(i)     Each member of the class is entitled to a declaration that he or she is entitled to recover underinsured motorist benefits under the policy of insurance issued by the defendant, GEICO Casualty, under which claim has been made;

(j)     Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits under the policy of insurance issued by the defendant, GEICO Casualty, under which claim has been made.

74.     The plaintiff, Francis J. Butta, is a member of the class that he seeks to represent.

75.     The claims of the plaintiff, Francis J. Butta, are typical of the claims of other members of the class which he purports to represent.

76.     The plaintiff, Francis J. Butta, is well qualified to act as class representative.

77.     The plaintiff, Francis J. Butta, will fairly and adequately protect the interests of the members of the class.

78.     The plaintiff, Francis J. Butta, has no interest that is adverse or antagonistic to the interests of the members of the class.

79.     The plaintiff, Francis J. Butta, is committed to prosecuting the class action.

80.     The plaintiff, Francis J. Butta, has retained competent counsel who are experienced in litigation of this nature.

81.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15

82.     Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

83.     The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

84.     It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

85.     The plaintiff, Francis J. Butta, anticipates no difficulty in the management of this action as a class action.

86.     The class action brought by the plaintiff, Francis J. Butta, is a convenient and proper forum in which to litigate the claim.

87.     The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, GEICO Casualty, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

88.     Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

89.     Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, GEICO Casualty.

Case ID: 190102146

## COUNT I
## (Declaratory Relief)

90.     The plaintiff, Francis J. Butta, hereby incorporates by reference the foregoing Paragraphs 1 through 89 of this Complaint as though same were fully set forth herein.

91.     The Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta provides stacked underinsured motorist coverage.

92.     Francis R. Butta and Yvonne A. Butta paid an additional premium for stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty.

93.     As a resident of the household of Francis R. Butta and Yvonne A. Butta, the plaintiff, Francis J. Butta is eligible to recover stacked underinsured motorist benefits under the Personal Auto Policy issued by the defendant, GEICO Casualty, to this parents, Francis R. Butta and Yvonne A. Butta.

94.     The defendant, GEICO Casualty, has denied and disclaimed coverage for underinsured motorist benefits to Francis J. Butta under the Personal Auto Policy issued to Francis R. Butta and Yvonne A. Butta, by reason of the household exclusion contained in that policy.

95.     The household exclusion is a disguised stacking waiver, being violative of the MVFRL.

96.     In order to effectuate a valid waiver of stacked underinsured motorist coverage, a named insured must sign a form as prescribed by § 1738 of the MVFRL, 75 Pa.C.S.A. § 1738..

97.     Francis R. Butta and Yvonne A. Butta elected stacked underinsured motorist

17

coverage under the Personal Auto Policy; at no time did Francis R. Butta or Yvonne A. Butta sign any waiver of stacking of underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty.

98.     The plaintiff, Francis J. Butta, is entitled to recover stacked underinsured motorist coverage under the policy issued by the defendant, GEICO Casualty, to his parents, Francis R. Butta and Yvonne A. Butta.

99.     The defendant, GEICO Casualty, has wrongfully, willfully and wantonly refused to provide stacked underinsured motorist coverage to the plaintiff, Francis J. Butta.

100.    The refusal of the defendant, GEICO Casualty, to make stacked underinsured motorist coverage available to the plaintiff, Francis J. Butta, is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff, Francis J. Butta.

101.    The denial and disclaimer of underinsured motorist coverage to the plaintiff, Francis J. Butta, under the Personal Auto Policy issued by the defendant, GEICO Casualty, is a material breach of that policy.

102.    The denial and disclaimer of underinsured motorist coverage to the plaintiff, Francis J. Butta, under the Personal Auto Policy issued by the defendant, GEICO Casualty, is in direct violation of the specific terms and provisions of the MVFRL.

103.    The refusal of the defendant, GEICO Casualty, to make stacked uninsured and/or underinsured motorist coverage available to the members of the class is in violation of the specific terms of the MVFRL.

104.    The denial and disclaimer of underinsured motorist benefits to each member of the class is a wrongful, wanton and willful breach of each policy of insurance providing stacked uninsured and/or underinsured motorist coverage issued by the defendant, GEICO Casualty.

18

105.    The defendant, GEICO Casualty, has acted wantonly, willfully and in reckless disregard of the rights of the plaintiff, Francis J. Butta.

106.    The defendant, GEICO Casualty, has acted wantonly, willfully and in reckless disregard of the rights of each member of the class.

107.    The plaintiff, Francis J. Butta, is entitled to a declaration that he is entitled to recover stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta.

108.    Each member of the class is entitled to a declaration that he and/or she is entitled to recover stacked uninsured and/or underinsured motorist coverage under the pertinent policy of insurance issued by the defendant, GEICO Casualty.

109.    The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

110.    The controversy involves substantial rights of the parties to the action.

111.    The controversy poses an issue for judicial determination which is not within the scope of authority of any arbitrator or arbitration panel pursuant to the policy of insurance in question.

112.    A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

113.    A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

114.    The plaintiff, Francis J. Butta, and members of the class are entitled to counsel fees as a result of the vexatious and obdurate conduct of the defendant, GEICO Casualty, in the handling and defense of these underinsured motorist claims.

19

WHEREFORE, the plaintiff, Francis J. Butta, respectfully requests that the Court enter an Order:

(a)     declaring that the plaintiff, Francis J. Butta, is entitled to recover stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty Company, to Francis R. Butta and Yvonne A. Butta in connection with the injuries sustained by the plaintiff, Francis J. Butta, in the July 20, 2017 motor vehicle accident.

(b)     declaring that each member of the class is entitled to recover stacked uninsured and/or underinsured motorist coverage under the applicable policy providing stacked uninsured and/or underinsured motorist coverage;

(c)     awarding interest, counsel fees and costs; and

(d)     such other relief as the court deems appropriate.

## COUNT II
### (Breach of Contract – Compensatory Relief)

115.     The plaintiff, Francis J. Butta, hereby incorporates by reference the foregoing Paragraphs 1 through 114 of this Complaint as though same were fully set forth herein.

116.     The plaintiff, Francis J. Butta, sustained serious and permanent personal injury in the July 20, 2017 motor vehicle accident as a result of the negligence and carelessness of the underinsured motorist, June E. Rosengrant.

117.     The plaintiff, Francis J. Butta, is eligible to recover underinsured motorist benefits under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta in connection with injuries sustained by the plaintiff, Francis J. Butta, in the July 20, 2017 motor vehicle accident.

118.     In the July 20, 2017 motor vehicle accident, the plaintiff, Francis J. Butta, sustained, *inter alia*:

(a)     severe trauma to various and extensive parts of his body;

20

(b)      fractures of his tibia and fibula requiring multiple surgeries, external fixation and internal fixation;

(c)      fracture of the right wrist;

(d)      contusion and abrasions to the legs, ankles, wrist, knees, pelvis and head;

(e)      permanent restriction upon activities as a result of the serious and permanent injuries;

(f)      inability to engage in the activities of daily living;

(g)      inability to perform his usual and customary work related activities;

(h)      severe trauma to his nerves and nervous system;

(i)      depression;

(j)      such other injuries and damages as may be developed more fully during discovery.

119.    The serious and permanent injuries sustained by the plaintiff, Francis J. Butta, were a direct result of the negligence and carelessness of June E. Rosengrant, the operator of the underinsured motor vehicle.

120.    The Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta provides stacked underinsured motorist coverage.

121.    Francis R. Butta and Yvonne A. Butta paid and additional premium for stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty.

122.    As a resident of the household of Francis R. Butta and Yvonne A. Butta, the plaintiff, Francis J. Butta is eligible to recover stacked underinsured motorist benefits under the Personal Auto Policy issued by the defendant, GEICO Casualty, to this parents, Francis R. Butta and Yvonne A. Butta.

21

123.    The defendant, GEICO Casualty, has denied and disclaimed coverage for underinsured motorist benefits to Francis J. Butta under the Personal Auto Policy issued to Francis R. Butta and Yvonne A. Butta, by reason of the household exclusion contained in that policy.

124.    The household exclusion is a hidden and disguised stacking waiver, being violative of the MVFRL.

125.    In order to effectuate a valid waiver of stacked underinsured motorist coverage, a named insured must sign a form as prescribed by § 1738 of the MVFRL, 75 Pa.C.S.A. § 1738.

126.    Francis R. Butta and Yvonne A. Butta elected stacked underinsured motorist coverage under the Personal Auto Policy; at no time did Francis R. Butta or Yvonne A. Butta sign any waiver of stacking of underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty.

127.    The plaintiff, Francis J. Butta, is entitled to recover stacked underinsured motorist coverage under the policy issued by the defendant, GEICO Casualty, to his parents, Francis R. Butta and Yvonne A. Butta.

128.    The defendant, GEICO Casualty, has wrongfully, willfully and wantonly refused to provide stacked underinsured motorist coverage to the plaintiff, Francis J. Butta.

129.    The refusal of the defendant, GEICO Casualty, to make stacked underinsured motorist coverage available to the plaintiff, Francis J. Butta, is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff, Francis J. Butta.

130.    The denial and disclaimer of underinsured motorist coverage to the plaintiff, Francis J. Butta, under the Personal Auto Policy issued by the defendant, GEICO Casualty, is a material breach of that policy.

131.    The denial and disclaimer of underinsured motorist coverage to the plaintiff, Francis J. Butta, under the Personal Auto Policy issued by the defendant, GEICO Casualty, is in direct violation of the specific terms and provisions of the MVFRL.

132.    The refusal of the defendant, GEICO Casualty, to make stacked uninsured and/or underinsured motorist coverage available to the members of the class is in violation of the specific terms of the MVFRL.

133.    The denial and disclaimer of underinsured motorist benefits to each member of the class is a wrongful, wanton and willful breach of each policy of insurance providing stacked uninsured and/or underinsured motorist coverage issued by the defendant, GEICO Casualty.

134.    The defendant, GEICO Casualty, has acted wantonly, willfully and in reckless disregard of the rights of the plaintiff, Francis J. Butta.

135.    The defendant, GEICO Casualty, has acted wantonly, willfully and in reckless disregard of the rights of each member of the class.

136.    The plaintiff, Francis J. Butta, is entitled to a declaration that he is entitled to recover stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta.

137.    Each member of the class is entitled to a declaration that he and/or she is entitled to recover stacked uninsured and/or underinsured motorist coverage under the pertinent policy of insurance issued by the defendant, GEICO Casualty.

138.    As a result of the negligence and carelessness of June E. Rosengrant, the plaintiff, Francis J. Butta, has suffered and will continue to suffer, throughout the course of his life, pain, restriction and disability.

23

139.    As a result of the negligence and carelessness of June E. Rosengrant, the plaintiff, Francis J. Butta, has sustained serious and permanent injuries which will worsen as he ages.

140.    As a result of the negligence and carelessness of June E. Rosengrant, the plaintiff, Francis J. Butta, will need ongoing care, therapy and rehabilitation.

141.    As a result of the negligence and carelessness of June E. Rosengrant, the plaintiff, Francis J. Butta, has sustained a loss of earnings and an impairment of earning capacity which is permanent and continuing.

142.    The plaintiff, Francis J. Butta, is entitled to recover stacked underinsured motorist benefits under the Personal Auto Policy issued by the defendant, GEICO Casualty, to Francis R. Butta and Yvonne A. Butta for the injuries sustained in the July 20, 2017 motor vehicle accident.

143.    Each member of the class sustained injury in a motor vehicle accident as a result of the negligence and carelessness of an uninsured and/or underinsured motorist.

144.    Each member of the class has been denied uninsured and/or underinsured motorist benefits under a policy providing stacked coverage with the denial being based upon the household exclusion.

145.    Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits under the relevant policy under which she and/or she is an insured and/or named insured.

146.    The defendant, GEICO Casualty, has breached the terms, agreements, promises and provisions of the Personal Auto Policy issued to Francis R. Butta and Yvonne A. Butta by failing to make payment of stacked underinsured motorist benefits to the plaintiff, Francis J. Butta.

24

147.   The defendant, GEICO Casualty, has breached the terms, agreements, promises and provisions of each policy of insurance under which each member of the class has made claim for recovery of stacked uninsured and/or underinsured motorist benefits by failing to make payment of the stacked uninsured and/or underinsured motorist benefits in an amount which is fair, reasonable and compensates each member of the class for his and/or her loss.

148.   The plaintiff, Francis J. Butta, is entitled to recover stacked underinsured motorist benefits from the defendant, GEICO Casualty.

149.   Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits from the defendant, GEICO Casualty.

WHEREFORE, the plaintiff, Francis J. Butta, respectfully requests that the Court enter an Order:

(a)   awarding $200,000.00 in stacked underinsured motorist benefits to the plaintiff, Francis J. Butta, and against the defendant, GEICO Casualty Company; and

(b)   awarding stacked uninsured and/or underinsured motorist benefits to each member of the class against the defendant, GEICO Casualty Insurance Company.

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY:   /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
SUZANNE TIGHE, Esquire
JEFFREY STANTON, Esquire
I.D. # 30003; 80179; 311249
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

Attorneys for Plaintiff

25

Case ID: 190102146

## VERIFICATION

I, Francis J. Butta, state that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

BY: _____
Francis J. Butta

EXHIBIT A

Case ID: 190102146



**Tel:** 1-800-841-3000

**GEICO INDEMNITY COMPANY**
One GEICO Boulevard
Fredericksburg, VA 22412-0003

Date Issued: July 18, 2017

FRANCIS J BUTTA
1970 VETERANS HWY APT N3
LEVITTOWN PA 19056

# Declarations Page

This is a description of your coverage.
Please retain for your records.

## Policy Number: 4501-47-61-80
## Coverage Period:
07-17-17 through 07-17-18
Based on local time at the address of the named insured,
your coverage began at the later of 12:01am on 07-17-17, or
when initial payment was received, and will expire at
12:01am on 07-17-18.

Email Address: FRANK_BUTTA@YAHOO.COM

**PENNSYLVANIA LAW REQUIRES THAT WE NOTIFY YOU THAT THIS POLICY COVERS COLLISION DAMAGE TO A RENTAL VEHICLE ONLY WHEN THAT VEHICLE IS SUBSTITUTED FOR AN OWNED VEHICLE AS A TEMPORARY SUBSTITUTE (AS DEFINED IN YOUR POLICY), AND ONLY WHEN COLLISION COVERAGE HAS BEEN PURCHASED FOR THE VEHICLE THAT IS WITHDRAWN FROM SERVICE AND FOR WHICH THE RENTAL IS SUBSTITUTED.**

| Named Insured | Additional Drivers |
|---|---|
| Francis J Butta | None |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 2007 Piag/Vespa FLY50/S50 | VAPC446B674000538 | Levittown PA 19056 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| Bodily Injury Liability Each Person/Each Occurrence | $15,000/$30,000 | $39.00 |
| Property Damage Liability | $10,000 | $33.00 |
| Uninsured Motorists/With Stacking Each Person/Each Occurrence | $15,000/$30,000 | $45.00 |
| Underinsured Motorist/With Stacking Each Person/Each Occurrence | $15,000/$30,000 | $79.00 |
| **Total Twelve Month Premium** | | **$196.00** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

**Contract Type:** A40PA
**Contract Amendments:** ALL VEHICLES - A40PA CRA166 CRA745

**Unit Endorsements:**   CRA658 (VEH 1); CRA705 (VEH 1)

*00010C4501476180370C3011586*

Case ID: 190102146



**GEICO**

**One GEICO Plaza**
**Washington DC  20076-0001**
**Telephone 1-800-841-3000**

# Pennsylvania Motorcycle Insurance Policy

GEICO Indemnity Insurance Company

A40-PA (1-05)

Case ID: 190102146

# POLICY INDEX

Page

Page

**SECTION I - LIABILITY COVERAGES**
**Your Protection Against Claims From Others**

Definitions .................................................. 3
Losses We Will Pay......................................... 3
Additional Payments We Will Make Under
    The Liability Coverages........................................ 4
Exclusions................................................ 4
Persons Insured............................................ 5
Financial Responsibility Laws ............................. 5
Out Of State Insurance..................................... 5
Limit of Liability ......................................... 5
Other Insurance........................................... 5
Conditions................................................ 5
    Notice
    Two or More Motorcycles
    Assistance and Cooperation of the Insured
    Action Against Us
    Subrogation

**SECTION II - MOTORCYCLE MEDICAL PAYMENTS**
**Protection For Injured Persons For Medical Expenses**

Definitions .................................................. 6
Losses We Will Pay......................................... 6
Exclusions................................................ 7
Limit of Liability ......................................... 7
Conditions................................................ 7
    Notice
    Action Against Us
    Medical Reports; Original Claim for Benefits
    Prompt Payment of Claims
    Other Insurance

**SECTION III - PHYSICAL DAMAGE COVERAGES**
**Your Protection For Loss Or Damage To Your**

**Motorcycle**

Definitions .................................................. 8
Losses We Will Pay......................................... 8
    Comprehensive Coverage (Excluding Collision)
    Collision Coverage
Exclusions................................................ 9
Limit of Liability ......................................... 9
Other Insurance........................................... 9
Conditions................................................ 10
    Notice
    Two or More Motorcycles
    Assistance and Cooperation of the Insured
    Action Against Us
    Insured's Duties In Event of Loss

Appraisal
Payment of Loss
No Benefit to Bailee
Subrogation

**SECTION IV**
**UNINSURED AND UNDERINSURED MOTORISTS**
**COVERAGE**
**Protection For You And Your Passengers For**
**Injuries Caused By Uninsured, Underinsured, and**
**Hit-And-Run Motor Vehicles**

Definitions .................................................. 11
Losses We Will Pay......................................... 12
Exclusions................................................ 12
Limit of Liability  ......................................... 12
Conditions................................................ 13
    Notice
    Proof of Claim
    Assistance and Cooperation of the Insured
    Other Insurance
    Arbitration
    Trust Agreement
    Payment of Loss
    Action Against Us

**SECTION V**
**GENERAL CONDITIONS**
**These Conditions Apply To All coverages In This**
**Policy.**

Territory .................................................. 14
Policy Period.............................................. 14
Premium.................................................. 14
Changes.................................................. 14
Disposal of Motorcycle..................................... 15
Assignment............................................... 15
Cancellation By The Insured ............................... 15
Cancellation by Us......................................... 15
Renewal.................................................. 15
Other Insurance........................................... 16
Dividend Provision ........................................ 16
Declarations.............................................. 16
Fraud and Misrepresentation............................... 16
Examination Under Oath.................................... 16
Terms Of Policy Conformed To Statutes..................... 16
Choice of Law............................................. 16

A40-PA (1-05)

Whenever, "he," "his," "him," or "himself" appears in this policy, you may read "she," "her," "hers," or "herself."

## AGREEMENT

**We, the Company named in the Declarations attached to this policy, agree with *you*, in return for *your* payment of the premium when due, to insure *you*, subject to all the terms of this policy.**

**Acting in reliance on the information *you* have furnished us, we will insure *you* for the Coverages and the Coverage Limits for which a premium is shown in the Declarations.**

## SECTION I - LIABILITY COVERAGES
### Bodily Injury Liability and Property Damage Liability
### *Your* Protection Against Claims From Others

**DEFINITIONS**

The words italicized in **Section I** of this policy are defined below.

1. ***Auto business*** means the business of selling, repairing, servicing, storing, transporting or parking of autos or ***motorcycles***.
2. ***Bodily injury*** means bodily injury to a person, caused by accident, including resulting sickness, disease or death. All claims for damages arising from bodily injury to a person from a single loss shall be considered one bodily injury.
3. ***Electric personal assistive mobility device*** means a three wheel or less non-tandem wheeled device that is self-balancing and propelled by an electric propulsion system designed for transporting one person.
4. ***Insured*** means a person or organization described under "**PERSONS INSURED**."
5. ***Motorcycle***, means any two wheeled motorcycle, motorbike, moped or motorscooter. This also includes a three wheeled ***motorcycle*** that qualifies under the definition of ***your owned motorcycle***.
6. ***Non-owned motorcycle*** means a ***motorcycle*** or ***trailer*** not owned by or furnished for the regular use of either ***you*** or a ***relative***, other than a ***temporary substitute vehicle***. A vehicle rented or leased for more than 30 days will be considered as furnished for regular use.
7. ***Occupying*** (***Occupies***) (***Occupied***) means in, upon, entering into, getting on, getting out, getting off or alighting from a ***motorcycle***.
8. ***Owned motorcycle*** means:
   a) a ***motorcycle*** described in this policy for which a premium charge is shown for these coverages;
   b) a ***trailer*** owned by ***you***;
   c) a ***motorcycle*** that ***you*** acquire during the policy period or for which ***you*** enter into a lease during the policy period for a term of six months or more, if
      i) it replaces an ***owned motorcycle*** as defined in a) above; or
      ii) we insure all ***motorcycles*** owned or leased by ***you*** on the date of acquisition, and ***you*** ask us to add it to the policy no more than 30 days later;
   d) a ***temporary substitute vehicle***.

   ***Your owned motorcycle*** does not include a three wheeled ***motorcycle*** unless, and until, it meets our underwriting criteria and an additional premium is paid. The ***motorcycle*** must be manufactured or reconstructed from a two wheeled ***motorcycle*** and powered by an engine originally designed for use only with a ***motorcycle***.
9. ***Passenger*** means any person, other than the driver, while ***occupying***, with your permission, ***your owned motorcycle***.
10. ***Property damage*** means injury to or destruction of property. This includes loss of use of the property.
11. ***Relative*** means a person related to ***you*** who resides in ***your*** household.
12. ***Temporary substitute vehicle*** means a vehicle or ***trailer***, not owned by ***you***, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the ***owned motorcycle*** or ***trailer*** when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.
13. ***Trailer*** means a trailer designed to be towed by a ***motorcycle***, if not being used for business or commercial purposes.
14. ***You*** (***Your***) means the policyholder named in the Declarations or his or her spouse if a resident of the same household.
15. ***War*** means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

**LOSSES WE WILL PAY**

Under **Section I**, we will pay damages which an ***insured*** becomes legally obligated to pay because of:

1) ***bodily injury***, sustained by a person, and
2) ***property damage***

A40-PA (1-05)  Page 3 of 16

Case ID: 190102146

arising out of the ownership, maintenance or use of the *owned* or *non-owned motorcycle*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**

1. All investigative and legal costs incurred by us.
2. All court costs charged to an *insured* in a covered lawsuit.
3. All interest accruing on that amount of a judgment which represents our limit of liability, until we have paid, offered,  or deposited in court that part of a judgment not exceeding the limit of our liability. Any prejudgment interest due will  not reduce our limit of liability.
4. Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of liability.
5. Premiums for ball bonds paid by an *insured* due to traffic law violations arising out of the use of an *owned motorcycle* or *non-owned motorcycle*, not to exceed $250 per ball bond.

We will upon request by an *insured*, provide reimbursement for the following items:

a) Costs incurred by any *insured* for first aid to others at the time of an accident involving an *owned motorcycle* or *non-owned motorcycle*.
b) Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.
c) All reasonable costs incurred by an *insured* at our request.

**EXCLUSIONS**

**Section I** does not apply:

1. to any vehicle used to carry *passengers* or goods for hire.
2. to *bodily injury* or *property damage* caused intentionally by or at the direction of an *insured*.
3. to *bodily injury* or *property damage* that is insured under a nuclear liability policy.
4. to *bodily injury* or *property damage* arising from the operation of farm machinery.
5. to *bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured*.

However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.

6. to *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of a *motorcycle* while in the course of employment and if worker's compensation or other similar coverage is available.
7. to an *owned motorcycle* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business*.
8. to a *non-owned motorcycle* while maintained or used by any person while such person is employed or otherwise engaged in (1) any *auto business* if the accident arises out of that business; (2) any other business or occupation of any *insured* if the accident arises out of that business or occupation, except a *motorcycle* used by *you* or *your* chauffeur or domestic servant while engaged in such other business.
9. to damage to:
   a) property, including motor vehicles of any type, owned or transported by an *insured*; or
   b) property rented to or in charge of an *insured* other than a residence or private garage.
10. to a *motorcycle* acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.
11. to:
    a) the United States of America or any of its Agencies;
    b) any person, including you, if protection is afforded under the provisions of the Federal Tort Claims Act.
12. to any liability assumed under any contract or agreement.
13. *to bodily injury* or *property damage* losses sustained while *your motorcycle* is used in, or in preparation or practice for:
    a) any hill climbing exhibition or any other contest or demonstration;
    b) any race, speed contest, spontaneous racing or stunting activity of any nature;
    c) any marathon-type contest, use in any competition and/or sporting event, or while on any race course or facility designed for racing; or
    d) any contest which sanctions continuous riding for 24 or more hours and/or mileage accumulation in excess of 500 miles per 24 hour period.

Case ID: 190102146

14. to punitive or exemplary damages.
15. to *bodily injury* or *property damage* caused by *war,* whether or not declared, civil *war,* insurrection, rebellion or revolution.
16. to *bodily injury* or *property damage* while *occupying*, using or operating an all terrain vehicle.
17. to *bodily injury* or *property damage* while *occupying*, using or operating an *electric personal assistive mobility device*.

**PERSONS INSURED**

**Section I** applies to the following as *insureds* with regard to an *owned motorcycle*:

1. *You* and *your relatives*;
2. Any other person using the *motorcycle* with *your* permission. The actual use must be within the scope of that permission;
3. Any other person or organization for his or its liability because of acts or omissions of an insured under **1.** or **2.** above.

**Section I** applies to the following with regard to a *non-owned motorcycle*:

1. a) *you* for all *non-owned motorcycles* as defined;
   b) *your relatives* when using a *motorcycle* or *trailer*.
   Such use by *you* or *your relatives* must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission.
2. A person or organization, not owning or hiring the *motorcycle*, regarding his or its liability because of acts or omissions of an insured under **1.** above. The coverage limits stated in the Declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

**FINANCIAL RESPONSIBILITY LAWS**

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

**OUT OF STATE INSURANCE**

When the policy applies to the operation of a *motorcycle* outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that *you* are protected by another motorcycle insurance policy. No person can be paid more than once for any item of loss.

**LIMIT OF LIABILITY**

Regardless of the number of *motorcycles* or *trailers* to which this policy applies:

1. The limit of Bodily Injury Liability stated in the Declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.
2. The limit of Bodily Injury Liability stated in the Declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one occurrence.
3. The limit of Property Damage Liability stated in the Declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

**OTHER INSURANCE**

If the *insured* has other insurance against a loss covered by **Section I** of this policy, we will not owe more than our pro-rata share of the total coverage available. Any insurance we provide for losses arising out of the ownership, maintenance or use of a *motorcycle you* do not own shall be excess over any other valid and collectible insurance.

**CONDITIONS**

The following conditions apply to **Section I:**

1. NOTICE
   As soon as possible after an occurrence, written notice must be given to us or our authorized agent stating:
   a) the identity of the *insured*;
   b) the time, place and details of the occurrence;
   c) the names and addresses of the injured, and of any witnesses; and
   d) the names of the owners and the description and location of any damaged property. If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

Case ID: 190102146

2. TWO OR MORE *MOTORCYCLES*

If this policy covers two or more *motorcycles*, the limit of coverage applies separately to each. A *motorcycle* and an attached *trailer* are considered to be one *motorcycle*.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

a) in the investigation of the occurrence;
b) in making settlements;
c) in the conduct of suits;
d) in enforcing any right of contribution or indemnity against any legally responsible person or organization because of *bodily injury* or *property damage*;
e) at trials and hearings;
f) in securing and giving evidence; and
g) by obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

4. ACTION AGAINST US

No suit will lie against us:

a) unless the *insured* has fully complied with all the policy's terms and conditions; and
b) until the amount of the *insured's* obligation to pay has been finally determined; either
   i) by a final judgment against the *insured* after actual trial; or
   ii) by written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or of his estate will not relieve us of our obligations.

5. SUBROGATION

When payment is made under this coverage, we will be subrogated to all the insured's rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION II - MOTORCYCLE MEDICAL PAYMENTS
### Protection For *Injured Persons* For Medical Expenses

**DEFINITIONS**

The definitions in **Section I** apply to **Section II**, with the following special definitions.

1. *Injured person* means:
   a) *you* or any *relative* who sustains *bodily injury* while *occupying* the *insured motorcycle*;
   b) any other natural person who sustains *bodily injury*:
      i) while a *passenger* on the *insured motorcycle*; or
      ii) while using the *insured motorcycle* with *your* express or implied permission.
2. *Insured* means *you*, any *relative* or any *passenger* while *occupying your owned motorcycle*.
3. *Insured motorcycle* means a *motorcycle* owned by *you* to which the **Section I** coverages of this policy apply and for which we have charged a specific premium.
4. *Medical services* means medical, surgical and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral expenses.
5. *Motor vehicle* means an auto and any other vehicle, including a trailer, operated or designed for operation upon a public road by any power other than animal or muscular power.

**LOSSES WE WILL PAY**

We will pay reasonable expenses incurred for necessary *medical services* because of *bodily injury* caused by accident and sustained by an *insured*. We will pay only those expenses incurred within one year from the date of the accident up to the stated limit for each person. Funeral expenses are not subject to the one year time limitation.

Case ID: 190102146

**EXCLUSIONS**

**Section II** does not apply:

1. to any person who intentionally causes an accident.
2. for *bodily injury* sustained while *occupying your insured motorcycle* when it is being used to carry persons or property for a fee.
3. for *bodily injury* occurring during the course of employment if workers' or workman's compensation benefits are required or available for the *bodily injury*.
4. to *you* and *your relatives* if injured while in, or through being struck by, any *motor vehicle* which is not an *insured motorcycle* if it is owned by *you* or a *relative* or available for the regular use of either.
5. for *bodily injury* sustained while *occupying your insured motorcycle* without *your* permission or outside the scope of *your* permission.
6. for *bodily injury* sustained while *occupying your insured motorcycle* when it is being used in the business or occupation of an *insured.*
7. to *bodily injury* losses sustained while *your insured motorcycle* is used in, or in preparation or practice for:
   a) any hill climbing exhibition or any other contest or demonstration;
   b) any race, speed contest, spontaneous racing or stunting activity of any nature;
   c) any marathon-type contest, use in any competition and/or sporting event, or while on any race course or facility designed for racing; or
   d) any contest which sanctions continuous riding for 24 or more hours and/or mileage accumulation in excess of 500 miles per 24 hour period.

**LIMIT OF LIABILITY**

Regardless of the number of policies available, claims made, *insured motorcycles* or persons to which this coverage applies, our total limit of liability for all medical expense benefits paid to or for any one person injured in any one *motor vehicle* accident is the amount shown in the policy Declarations as applicable to "each person" for the *insured motorcycle* involved in the accident. Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under any Liability or Uninsured Motorists coverage provided by this policy.

**CONDITIONS**

The following conditions apply to **Section II**:

1. NOTICE

   As soon as possible after an accident, notice must be given us or our authorized agent stating:
   a) the time, place and details of the accident; and
   b) the names and addresses of the *injured persons*.

2. ACTION AGAINST US

   Suit shall not lie against us unless there has been full compliance with all the terms of this insurance policy.

3. MEDICAL REPORTS; ORIGINAL CLAIM FOR BENEFITS

   As soon as possible and within no more than 12 months after the accident date, the *injured person* or his representative shall provide us with an original claim for benefits and with all information which we require to determine the amount payable.

   The *injured person* shall submit to medical examination at our expense by doctors chosen by us, as we may reasonably require. He, or his representative, shall authorize us to obtain medical reports and copies of records. Forms furnished by us are to be used in submitting an original claim for benefits unless we fail to provide the forms within 15 days after receiving notice of a claim.

   If medical expense benefits terminate and the *injured person* later requests further benefits under the original claim for *bodily injury*, he, or his representative, shall submit to us reasonable medical proof of recurrence.

4. PROMPT PAYMENT OF CLAIMS

   We will make medical expense payments within 30 days after satisfactory proof of claim has been received by us.

5. OTHER INSURANCE

   If there is other applicable medical payments insurance, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

Case ID: 190102146

## SECTION III - PHYSICAL DAMAGE COVERAGES
### *Your* Protection For Loss Or Damage To *Your Motorcycle*

**DEFINITIONS**

The definitions of **Section I** apply to **Section III** with the following special definitions.

1. *Actual cash value* is the replacement cost of the *motorcycle* or property less *depreciation* and/or *betterment.*
2. *Betterment* is improvement of the *motorcycle* or property to a value greater than its pre-loss condition.
3. *Collision* means *loss* caused by upset of the *owned* or *non-owned motorcycle* or its collision with another object, including an attached *trailer.*

*Losses* caused by the following are comprehensive *losses*:

| | | |
|---|---|---|
| (a) missiles; | (g) explosion; | (m) malicous mischief |
| (b) falling objects; | (h) earthquake; | (n) vandalism; |
| (c) fire; | (i) windstorm; | (o) riot; |
| (d) lightning; | (j) hail; | (p) civil commotion |
| (e) theft; | (k) water; | (q) colliding with a bird or animal |
| (f) larceny; | (l) flood; | |

4. *Custom parts or equipment* means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which:

   a) are permanently installed or attached; or
   b) alter the appearance or performance of a vehicle.

   This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the *owned motorcycle*, using bolts or brackets, including slide-out brackets.

5. *Depreciation* means a decrease or loss in value to the *motorcycle* or property because of use, disuse, physical wear and tear, age, outdatedness, or other causes.
6. *Insured* means:

   a) *you* and *your relatives*;
   b) a person or organization maintaining, using or having custody of the *motorcycle* with *your* permission, if the use is within the scope of that permission.

7. *Loss* means direct and accidental loss of or damage to:

   a) the *motorcycle*, including its equipment; or
   b) other insured property.

8. *Non-owned motorcycle* means a *motorcycle* or *trailer* not owned by or furnished for the regular use of either *you* or *your relatives*, except a *temporary substitute vehicle*. *You* or *your relative* must be using the *motorcycle* or *trailer* within the scope of permission given by its owner. A *motorcycle* rented or leased for more than 30 days will be considered as furnished for *your* regular use.

**LOSSES WE WILL PAY**

**Comprehensive Coverage (Excluding *Collision*)**

1. We will pay for each *loss*, less the applicable deductible, caused other than by *collision* to the *owned* or *non-owned motorcycle*. This includes glass breakage.

   No deductible will apply to *loss* caused by fire, lightning, smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

   At the option of the *insured*, breakage of glass caused by *collision* may be paid under the Collision coverage, if included in the policy.

2. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

**Collision Coverage**

We will pay for:

1. *collision loss* to the *owned* or *non-owned motorcycle* for the amount of each *loss* and
2. *your* Department of Transportation approved motorcycle helmet, when worn at time of *loss* less the applicable deductible.

Case ID: 190102146

*Losses* arising out of a single occurrence shall be subject to no more than one deductible.

**EXCLUSIONS**

**Section III** does not apply:

1. to a *motorcycle* used to carry *passengers* or goods for hire. However, a *motorcycle* used in an ordinary carpool on a ride sharing or cost sharing basis is covered.

2. to *loss* due to *war*.

3. to damage caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

4. to tires, when they alone are damaged by *collision*.

5. to *loss* due to radioactivity.

6. to *loss* if *your motorcycle* has been abandoned.

7. to *trailers* when used for business or commercial purposes with vehicles other than *motorcycles*.

8. to *custom parts or equipment* unless the existence of those *custom parts or equipment* has been previously reported to us and an endorsement to the policy has been added.

9. to any liability assumed under any contract or agreement.

10. to any *loss* resulting from:
    a) the acquisition of a stolen vehicle;
    b) any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle;
    c) any confiscation, seizure or impoundment of a vehicle by governmental authorities; or
    d) the sale of an *owned motorcycle*.

11. to the destruction, impoundment, confiscation or seizure of a vehicle by governmental or civil authorities due to its use by *you*, a *relative* or a permissive user of the vehicle.

12. to the loss to any:
    1. tools;
    2. wearing apparel; or
    3. personal effects. This exclusion does not apply to a covered Department of Transportation approved motorcycle helmet worn at the time of the *collision*.

13. to *comprehensive* and *collision* losses sustained while *your motorcycle* is used in, or in preparation or practice for:
    a) any hill climbing exhibition or any other contest or demonstration;
    b) any race, speed contest, spontaneous racing or stunting activity of any nature;
    c) any marathon-type contest, use in any competition and/or sporting event, or while on any race course or facility designed for racing; or
    d) any contest which sanctions continuous riding for 24 or more hours and/or mileage accumulation in excess of 500 miles per 24 hour period.

**LIMIT OF LIABILITY**

The limit of our liability for loss will be the lesser of:

1. the *actual cash value* of *your motorcycle* at the time of loss;
2. the cost to repair or replace the property, or any of its parts or *custom parts or equipment*, with other of like kind and quality and will not include compensation for any diminution in the property's value that is claimed to result from the loss.

*Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation* and/or *betterment* and for the physical condition of the property.

Our limit of liability under *Collision* coverage for *loss* to *your* covered Department of Transportation approved motorcycle helmet shall not exceed a maximum of $400. This coverage only applies to the helmet, not to communication equipment installed in the helmet.

**OTHER INSURANCE**

If the *insured* has other insurance against a *loss* covered by **Section III**, we will not owe more than our pro-rata share of the total coverage available. Any insurance we provide for a *temporary substitute vehicle you* do not own shall be excess over any other collectible insurance.

Case ID: 190102146

## CONDITIONS

The following conditions apply only to the Physical Damage coverages:

1. NOTICE

   As soon as possible after a *loss* written notice must be given us or our authorized agent stating:

   a) the identity of the *insure*;
   b) a description of the *motorcycle* or *trailer*;
   c) the time, place and details of the *loss*; and
   d) the names and addresses of any witnesses.
   In case of theft, the *insured* must promptly notify the police.

2. TWO OR MORE *MOTORCYCLES*

   If this policy covers two or more *motorcycles* or *trailers*, the limit of coverage and any deductible apply separately to each.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*

   The *insured* will cooperate and assist us, if requested:

   a) in the investigation of the *loss*;
   b) in making settlements;
   c) in the conduct of suits;
   d) in enforcing any right of subrogation against any legally responsible person or organization;
   e) at trials and hearings;
   f) in securing and giving evidence; and
   g) by obtaining the attendance of witnesses.

4. ACTION AGAINST US

   Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

   If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding. If *you* ask us immediately after a *loss* to preserve the salvage for inspection, we will do so for a period not to exceed 30 days. *You* may purchase the salvage from us if you wish.

5. INSURED'S DUTIES IN EVENT OF *LOSS*

   In the event of *loss* the *insured* will:

   a) Protect the *motorcycle*, whether or not the *loss* is covered by this policy. Further *loss* due to the *insured's* failure to protect the *motorcycle* will not be covered. Reasonable expenses incurred for this protection will be paid by us.
   b) File with us, within 91 days after *loss*, his sworn proof of loss, including all information we may reasonable require.
   c) At our request, the *insured* will exhibit the damaged property.

6. APPRAISAL

   If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of *loss* is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

   We will not waive our rights by any of our acts relating to appraisal.

7. PAYMENT OF *LOSS*

   We may at our option:

   a) pay for the *loss*; or
   b) repair or replace the damaged or stolen property.

   At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the Declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

Case ID: 190102146

8. NO BENEFIT TO BAILEE

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* to the *motorcycle*.

9. SUBROGATION

When payment is made under this coverage, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

## SECTION IV - UNINSURED AND UNDERINSURED MOTORISTS COVERAGE

### Protection For *You* And *Your* Passengers For Injuries Caused By *Uninsured*, *Underinsured* and *Hit-And-Run Motor Vehicles*

### DEFINITIONS

The definitions of **Section I** apply to **Section IV** with the following special definitions.

1. *Bodily injury* means bodily injury, sickness, or disease, including death, sustained by *you, your relatives* or any other person *occupying* an *insured motorcycle* with *your* permission.

2. *Hit-and-Run Motor Vehicle* is a motor vehicle that causes an accident resulting in *bodily injury* to an *insured* and whose operator or owner is at fault and cannot be identified, provided the *insured* or someone on his behalf:

    a) reports the accident promptly to a police, peace or judicial officer or to the Commissioner of Motor Vehicles; and
    b) files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person.

3. *Household Member* means a person residing in your household who is:

    a) your spouse; or
    b) a *relative*; or
    c) a minor in your custody or the custody of a *relative*.

4. *Insured* means:

    a) *you*;
    b) a *household member*;
    c) any other person while *occupying* an *insured motorcycle* with *your* permission; or
    d) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under a), b) and c) above.
    If there is more than one *insured*, our limits of liability will not be increased.

5. *Insured motorcycle* is a *motorcycle*:

    a) described in the Declarations and covered by the bodily injury liability coverages of this policy;
    b) that is a *temporary substitute vehicle* or
    c) operated by *you* or *your* spouse if a resident of the same household.

    But the term *insured motorcycle* does not include:

    a) a *motorcycle* used to carry passengers or goods for hire except in a carpool on a ride sharing or cost sharing basis;
    b) a *motorcycle* being used without the owner's permission; or
    c) under subparagraphs b) and c) above, a *motorcycle* owned by or furnished for the regular use of an *insured*.

6. *State* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

7. *Underinsured Motor Vehicle* means: a motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages.

    The term *Underinsured Motor Vehicle* does not include:

    a) an *insured motorcycle* under the liability coverage of this policy;
    b) a motor vehicle owned by the United States of America, any other national government, a state, or a political sub-division of any such government or its agencies;
    c) a land motor vehicle or trailer operated on rails or crawler-treads or located for use as a residence or premises;
    d) a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads; and
    e) a motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law.

Case ID: 190102146

8. *Uninsured motor vehicle* is:
   a) a motor vehicle for which there is no liability insurance or self-insurance applicable at the time of the accident or loss;
   b) a *hit-and-run motor vehicle* as defined; or
   c) a motor vehicle whose insurer is or becomes insolvent or denies coverage.

   The term *uninsured motor vehicle* does not include:

   a) an *insured motorcycle*;
   b) a motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;
   c) a motor vehicle owned by the United States of America, any other national government, a *state*, or a political subdivision of any such government or its agencies;
   d) a land motor vehicle or trailer operated on rails or crawler-treads or located for use as a residence or premises; or
   e) a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

## LOSSES WE WILL PAY

We will pay damages for *bodily injury* caused by an accident which the insured is legally entitled to recover from the owner or operator of an *uninsured* or *underinsured motor vehicle* arising out of the ownership, maintenance or use of that motor vehicle.

The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. The dispute will be arbitrated if an agreement cannot be reached.

An *insured* may not recover damages under both the Uninsured Motorist Coverage and the Underinsured Motorist Coverage for the same accident.

## EXCLUSIONS

**Section IV** does not apply:

1. This coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment on his claim without our prior written consent.
2. This coverage will not benefit any workmen's compensation insurer, self-insurer or disability benefits insurer.
3. We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.
4. We do not cover any person while in a vehicle described in the declarations on which only Physical Damage Coverages are carried.
5. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.
6. This coverage does not apply to *bodily injury* while *occupying* or from being struck by a vehicle owned or leased by *you* or a *relative* that is not insured for Uninsured or Underinsured Motorists Coverage under this policy.
7. This coverage does not apply to the use of any vehicle by an *insured* without permission from the owner.
8. When using a motor vehicle furnished for the regular use of *you*, *your* spouse, or a *relative* who resides in *your* household, which is not insured under this policy.
9. to *bodily injury* loss sustained while *your insured motorcycle* is used in, or in preparation or practice for:
   a) any hill climbing exhibition or any other contest or demonstration;
   b) any race, speed contest, spontaneous racing or stunting activity of any nature;
   c) any marathon-type contest, use in any competition and/or sporting event, or while on any race course or facility designed for racing;
   d) any contest which sanctions continuous riding for 24 or more hours and/or mileage accumulation in excess of 500 miles per 24 hour period.

## LIMIT OF LIABILITY

Regardless of the number of *motorcycles* or *trailers* to which this policy applies:

1. The most we will pay for all damages including those for care or loss of services due to *bodily injury* to one person in any one accident is the limit shown in the declarations for "each person" applicable to the vehicle that the *insured* was *occupying* at the time of the accident.
2. The most we will pay for all damages including those for care or loss of services, due to *bodily injury* to two or more persons in any one accident is the limit shown in the declarations for "each accident" applicable to the vehicle that the insureds were *occupying* at the time of the accident.

Case ID: 190102146

3. When coverage is afforded to two or more **motorcycles**, the limits of liability shall apply separately to each **motorcycle** as stated in the declarations but shall not exceed the highest limit of liability applicable to one **motorcycle**. If separate policies with us are in effect for **you** or any **household member**, they may not be combined to increase the limit of our liability for a loss.

4. No **insured** may:
   a) receive duplicate payments for the same elements of loss; or
   b) recover damages from both Uninsured Motorist Coverage and the Underinsured Motorist Coverage for the same accident.

5. The amount payable under this coverage will be reduced by all amounts:
   a) paid by or for all persons or organizations liable for the injury; or
   b) paid or payable under the Bodily Injury Coverage of this policy.

6. Any payment made under this coverage will reduce the amount an **insured** is entitled to recover for the same damages under the Bodily Injury Coverage.

**CONDITIONS**

The following conditions apply to the Uninsured and Underinsured Motorists coverage:

1. NOTICE

   As soon as possible after an accident, notice must be given us or our authorized agent stating:
   a) the identity of the **insured**;
   b) the time, place and details of the accident; and
   c) the names and addresses of the injured, and of any witnesses.

   If the **insured** or his legal representative files suit before we make a settlement under this coverage, he must notify us of the suit. The notice shall be detailed to enable us to secure whatever information we may require to protect our interest.

2. PROOF OF CLAIM

   As soon as possible, the **insured** or other persons making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

   The **insured** and other persons making claim must submit to examination under oath by any person named by us when and as often as we may reasonably require. Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

   The **insured** will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the **insured's** incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

3. ASSISTANCE AND COOPERATION OF THE INSURED

   After we receive notice of a claim, we may require the **insured** to take any action necessary to secure his recovery rights against any person or organization that may be legally responsible for the accident. We may require the **insured** to make that person or organization a defendant in any action against us.

4. OTHER INSURANCE

   When an **insured occupies** a **motorcycle** or other motor vehicle not described in this policy, this insurance is excess over any other similar insurance available to the **insured**. The insurance which applies to the **occupied motorcycle** or other motor vehicle is primary.

   Except as provided above, if the **insured** has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the **insured** has other insurance against a loss covered by the Uninsured or Underinsured Motorists provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

5. ARBITRATION

   If we and an **insured** do not agree:
   1. whether that person is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle**; or
   2. as to the amount of the damages;

   either party may make a written demand for arbitration. Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Arbitration Act of 1927. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

Case ID: 190102146

a) pay the expenses it incurs and
b) bear the expenses of the third arbitrator equally.

The arbitrators will then hear and determine only the question or questions of legal liability and/or damages that are in dispute. Issues excluded from arbitration are as follows:

    i)   stacking;
    ii)  waivers;
    iii) residency:
    iv) statutes of limitation; and
    v)  whether a claimant is an *insured* under this coverage.

The arbitrators cannot enter an award in excess of the policy limits. Unless both parties agree otherwise, arbitration will take place in the county in which the *insured* lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

6.  TRUST AGREEMENT
    Whenever we make a payment under this coverage and have not waived our rights by failing, within 60 days of receipt of any written notice of a tentative agreement to settle for the liability limits, to make a payment equal to the tentative settlement amount:

    a) We will be entitled to repayment out of any settlement or judgment the *insured* recovers from any person or organization legally responsible for the *bodily injury* or *property damage*.
    b) The *insured* will hold in trust for our benefit all rights of recovery which he may have against any legally responsible person or organization. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.
    c) At our written request, the *insured,* in his own name, will take through a designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization. We will be reimbursed out of the recovery for our expenses, costs and attorneys' fees as a result of our initiating the action.
    d) The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

7.  PAYMENT OF LOSS
    Any amount due is payable:

    a) to the *insured* or his authorized representative;
    b) if the *insured* is a minor, to his parent or guardian, or
    c) if the *insured* is deceased, to his surviving spouse; otherwise
    d) to a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

    We may, at our option, pay any amount due in accordance with d) above.

8.  ACTION AGAINST US
    Suit will not lie against us unless the *insured* and his legal representative have fully complied with all the policy terms.

---

**SECTION V - GENERAL CONDITIONS**
**These Conditions Apply To All Coverages In This Policy.**

---

The definitions of **Section I** apply.

1.  TERRITORY
    This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the *motorcycle* is being transported between ports thereof.

2.  POLICY PERIOD
    Unless otherwise cancelled, this policy will expire as shown in the Declarations. But, it may be continued by our offer to renew and *your* acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the Declarations.

3.  PREMIUM
    When *you* dispose of, acquire ownership of, or replace a *motorcycle*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

4.  CHANGES
    The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy. We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

Case ID: 190102146

The premium for each *motorcycle* is based on the information we have in *your* file.   *You* agree:

a) that we may adjust *your* policy premiums during the policy term if any of the information on which the premiums are based is incorrect, incomplete or changed.
b) that *you* will cooperate with us in determining if this information is correct and complete.
c) that *you* will notify us of any changes in this information.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

5. DISPOSAL OF *MOTORCYCLE*

If *you* relinquish possession of a leased *motorcycle* or if *you* sell or relinquish ownership of an *owned motorcycle*, any coverage provided by this policy for that *motorcycle* will terminate on the date *you* do so.

6. ASSIGNMENT

*Your* rights and duties under this policy may not be assigned without our written consent.
If *you* die, this policy will cover:

a) *your* surviving spouse, if covered under the policy prior to *your* death, and until the expiration of the policy term;
b) the executor or administrator of *your* estate, but only while operating an *owned motorcycle* and while acting within the scope of his duties;
c) any person having proper temporary custody of and operating the *owned motorcycle*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate.

7. CANCELLATION BY THE *INSURED*

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective. If this policy is cancelled, *you* may be entitled to a premium refund.   The premium refund, if any, will be computed according to our manuals.

8. CANCELLATION BY US

We may cancel this policy by mailing to *you*, at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

a) 15 days in advance if *your* policy has been in effect for less than 60 days, if the proposed cancellation is for non-payment of premium or any of its installments when due or license suspension or revocation;

b) 60 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice.   The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled, *you* may be entitled to a premium refund.   The premium refund, if any, will be computed according to our manuals.

Payment or tender of unearned premium is not a condition of cancellation.

9. CANCELLATION BY US IS LIMITED

After this policy has been in effect 60 days or, if this policy is a renewal policy, we will not cancel unless:

a) *You* do not pay the premium for this policy or any installment when due to us or our agent; or
b) Any *insured* named in the policy declarations has had his driver's license under suspension or revocation after the effective date of this policy:
   i.   if this policy has been in effect less than one year; or
   ii.  after the last anniversary of the effective date if this policy has been in effect longer than one year; or
c) *You* concealed a material fact, made a material statement contrary to fact, or misrepresented a material fact, and such concealment, statement or misrepresentation was material to our acceptance of the risk.

10. RENEWAL

We will not refuse to renew unless written notice is mailed to you at the address shown in this policy at least 60 days prior to the expiration date for all reasons except nonpayment of premium and license suspension or revocation during the policy period in which 15 days will apply.   The mailing or delivery of this notice by us will be sufficient proof of notice.   This policy will expire without notice if any of the following conditions exist:

a) *You* do not pay any premium as we require to renew this policy.
b) *You* have informed us or our agent that *you* wish the policy to be cancelled or not renewed.
c) *You* do not accept our offer to renew or *you* refuse to provide us with renewal classification and rating information as we may require.

Case ID: 190102146

**11.** OTHER INSURANCE

If other insurance is obtained on **your owned motorcycle**, any similar insurance afforded under this policy for that **motorcycle** will terminate on the effective date of the other insurance.

**12.** DIVIDEND PROVISION

**You** are entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

**13.** DECLARATIONS

By accepting this policy, **you** agree that:

a) the statements in **your** application and in the Declarations are **your** agreements and representations;
b) this policy is issued in reliance upon the truth of these representations; and
c) this policy, along with the application and Declaration sheet, embodies all agreements relating to this insurance.

The terms of this policy cannot be changed orally.

**14.** FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

a) at the time application is made;
b) at anytime during the policy period; or
c) in connection with the presentation or settlement of a claim.

**15.** EXAMINATION UNDER OATH

The **insured**, or any other person seeking coverage under this policy, must submit to examination under oath by any person named by us when and as often as we may require.

**16.** TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Pennsylvania are amended to conform to those statutes.

**17.** CHOICE OF LAW

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Pennsylvania.

W.C.E. Robinson
Secretary          GEICO Indemnity Company

O. M. Nicely
President

Case ID: 190102146

# A F F I D A V I T

STATE OF VIRGINIA

CITY OF VIRGINIA BEACH

I, Bruce Brown, Claims Coverage Underwriter of GEICO Indemnity Company, a corporation organized and existing under the laws of Maryland, do hereby certify that the attached Policy Declarations sheet was printed from records retained in our computer data files. The specimen amendments, endorsements, and policy contracts are standard forms with information particular to this policy. Attached is a copy of policy contract number 4501476180 in the name of Francis J. Butta for the effective dates of July 17, 2017 to July 17, 2018.

Bruce Brown
Claims Coverage Underwriter

Subscribed and sworn to before me this 15th day of August, 2017.

Jacqueline Kay Roland
Notary Public

```
JACQUELINE KAY ROLAND
NOTARY PUBLIC
REGISTRATION # 7878421
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
09-30-2020
```

Case ID: 190102146

**GEICO**
**GEICO Indemnity Company**
Policy Number:
Effective Date:

# Motorcycle Policy Amendment

## Pennsylvania

*Your* policy is amended as follows:

### SECTION IV – UNINSURED AND UNDERINSURED MOTORIST COVERAGE

#### DEFINITIONS

Definition **7.** b) and e) under *Underinsured Motorist Vehicle* is deleted.

**7.** b) A motor vehicle owned by the United States of America, any other national government, a state, or a political sub-division of any such government or its agencies.

**7.** e) A motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law.

Definition **8.** b) and c) under *Uninsured Motorist Vehicle* is deleted.

**8.** b) A motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law.

**8.** c) A motor vehicle owned by the United States of America, any other national government, a state, or a political sub-division of any such government or its agencies.

#### LOSSES WE WILL PAY

Revised the following paragraph:

The amount of the *insured's* recovery for these damages may be determined by agreement between the *insured* or his representative and us.  The dispute may be arbitrated if an agreement cannot be reached.

#### CONDITIONS

Condition **5.** has been replaced with the following:

**5.**   ARBITRATION

If we and an *insured* do not agree:

1.   Whether that person is legally entitled to recover damages from the owner or operator of an *(uninsured/underinsured motor vehicle)* ; or

2.   As to the amount of damages;

then the dispute may be submitted to arbitration.  If both parties agree to submit the matter to arbitration, the arbitration will proceed in accordance with the Arbitration Act of 1927. Each party will be responsible for the expenses it incurs.

The arbitration will determine only the question or questions of legal liability and/or damages that are in dispute. Types of issues excluded from arbitration are as follows:

a)   stacking;
b)   waivers;
c)   residency;
d)   statutes of limitation;
e)   whether a claimant is an *insured* under this coverage; and
f)   whether there has been an agreement to arbitrate the matter.

However, neither the *insured* nor we will be required to arbitrate unless both parties voluntarily agree in writing to submit the matter to arbitration. Failure by either party to respond in writing to a request to arbitrate will constitute a refusal to arbitrate. If both parties do not agree in writing to arbitrate a dispute as to liability or damages under this coverage, the dispute shall be resolved in a court of competent jurisdiction.

Should a dispute proceed to voluntary arbitration, we will be obligated to pay no more than the applicable policy limits for this coverage regardless of whether an arbitration results in an award in excess of the applicable policy limits for this coverage as defined in this policy.

Case ID: 190102146

## SECTION V – GENERAL CONDITIONS

CONDITIONS

Condition .11 OTHER INSURANCE has been deleted.

The following Conditions have been re-numbered:

**11. DIVIDEND PROVISION**

*You* are entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

**12. DECLARATIONS**

By accepting this policy, *you* agree that:

a) the statements in *your* application and in the Declarations are *your* agreements and representations;

b) this policy is issued in reliance upon the truth of these representations; and

c) this policy, along with the application and Declaration sheet, embodies all agreements relating to this insurance.

The terms of this policy cannot be changed orally.

**13. FRAUD AND MISREPRESENTATION**

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

a) at the time application is made;

b) at anytime during the policy period; or

c) in connection with the presentation or settlement of a claim.

**14. EXAMINATION UNDER OATH**

The *insured*, or any other person seeking coverage under this policy, must submit to examination under oath by any person named by us when and as often as we may require.

**15. TERMS OF POLICY CONFORMED TO STATUTES**

Any terms of this policy in conflict with the statutes of Pennsylvania are amended to conform to those statutes.

**16. CHOICE OF LAW**

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Pennsylvania.

We affirm this amendment.

W. C. E. Robinson
Secretary

O. M. Nicely
President

Case ID: 190102146

**GEICO**
GEICO Indemnity Company
Policy Number:

**Uninsured Motorists Coverage
Motorcycle Policy Amendment
(Stacked Limits)**
**Pennsylvania**

**LIMIT OF LIABILITY** is replaced as follows:

**LIMIT OF LIABILITY**

1. For **you** or a **household member**, the most we will pay for all damages including those for care or loss of services due to **bodily injury** to one person in any one accident is the sum of the "each person" limit for Uninsured Motorist Coverage shown in the declarations applicable to each vehicle.

    Subject to the "each person" limit above, for **you** or **your household member**, the most we will pay for all damages, including those for care or loss of services due to **bodily injury** to two or more persons in any one accident is the sum of the "each accident" limit shown in the declarations as applicable to each vehicle.

2. For **insureds** other than **you** or a **household member**, the most we will pay for all damages including those for care or loss of services due to **bodily injury** to one person in any one accident is the limit shown in the declarations for "each person" applicable to the vehicle that the **insured** was **occupying** at the time of the accident.

    For **insureds** other than **you** or a **household member**, the most we will pay for all damages including those for care or loss of services, due to **bodily injury** to two or more persons in any one accident is the limit shown in the declarations for "each accident" applicable to the vehicle that the **insured** was **occupying** at the time of the accident.

3. No **insured** may:
    a) receive duplicate payments for the same elements of loss; or
    b) recover damages from both Uninsured Motorist Coverage and the Underinsured Motorist Coverage for the same accident.

4. The amount payable under this coverage will be reduced by all amounts:
    a) paid by or for all persons or organizations liable for the injury; or
    b) paid or payable under the Bodily Injury Coverage of this policy.

5. Any payment made under this coverage will reduce the amount an **insured** is entitled to recover for the same damages under the Bodily Injury Coverage.

We affirm this amendment.

W. C. E. Robinson
Secretary

GEICO Indemnity Company

O. M. Nicely
President

CRA-658 (1-05) Page 1 of 1

# GEICO

GEICO Indemnity Company
Policy Number:

**Underinsured Motorists Coverage Motorcycle Policy Amendment- Stacked Limits**

**Pennsylvania**

**LIMIT OF LIABILITY** Is replaced as follows:

**LIMIT OF LIABILITY**

1.  For *you* or a *household member*, the most we will pay for all damages including those for care or loss of services due to *bodily injury* to one person in any one accident is the sum of the "each person" limits for Underinsured Motorist Coverage shown in the declarations applicable to each vehicle.

    Subject to the "each person" limit above, for *you* or *your household members*, the most we will pay for all damages, including those for care or loss of services due to *bodily injury* to two or more persons in any one accident is the sum of the "each accident" limit shown in the declarations as applicable to each vehicle.

2.  For *insureds* other than *you* or a *household member*, the most we will pay for all damages including those for care or loss of services due to *bodily injury* to one person in any one accident is the limit shown in the declarations for "each person" applicable to the vehicle that the *insured* was *occupying* at the time of the accident.

    For *insureds* other than *you* or a *household member*, the most we will pay for all damages including those for care or loss of services due to *bodily injury* to two or more persons in any one accident is the limit shown in the declarations for "each accident" applicable to the vehicle that the *insureds* were *occupying* at the time of the accident.

3.  No *insured* may:
    a)  receive duplicate payments for the same elements of loss; or
    b)  recover damages from both Uninsured Motorist Coverage and the Underinsured Motorist Coverage for the same accident.

4.  The amount payable under this coverage will be reduced by all amounts:
    a)  paid by or for all persons or organizations liable for the injury; or
    b)  paid or payable under the Bodily Injury Coverage of this policy.

5.  Any payment made under this coverage will reduce the amount an *insured* is entitled to recover for the same damages under the Bodily Injury Coverage.

We affirm this amendment.

W. C. E. Robinson
Secretary

GEICO Indemnity Company

O. M. Nicely
President

Case ID: 190102146

**GEICO**

**Motorcycle Policy**

**Amendment - Pennsylvania**

Policy Number:

*Your* policy is amended as follows:
**SECTION I – LIABILITY COVERAGES**
**DEFINITIONS**
The following definitions are replaced:
**2.** *Bodily injury* means bodily injury to a person, caused by accident, including resulting sickness, disease or death. All claims for damages arising from bodily injury to a person from a single loss shall be considered one bodily injury. However, *bodily injury* does not include either emotional distress, or physical injury resulting from emotional distress, to a person if that person, or the motor vehicle that person was occupying, did not have physical contact with:
   (i)  the *owned motorcycle* or *non-owned motorcycle*; or
   (ii) another motor vehicle or object as a result of the ownership, maintenance or use of the *owned motorcycle* or *non-owned motorcycle*.
**5.** *Motorcycle*, when used here, means any two-wheeled *motorcycle*, motorbike, moped, motor scooter, a three-wheeled *motorcycle* that qualifies under the definition of *your owned motorcycle,* or other land motor vehicle that has:
   1.  At least two-wheels, but no more than:
       a)  Three-wheels, with respect to a vehicle designed for operation principally upon public roads that qualifies under *your owned motorcycle*, or
       b)  Four-wheels, with respect to an *all-terrain vehicle* designed for operation principally off public roads;
   2.  Completely open-air driver's seating; and
   3.  A motorcycle hand-grip steering device.
The following definition is added:
**16.** *All-terrain vehicle* means a four-wheeled self-propelled vehicle with open-air driver's seating and has a motorcycle hand-grip steering device that is manufactured for sale for operation primarily on off-highway trails and unimproved terrain, and only incidentally operated on public highways.
**Exclusions**
The following exclusions are revised:
**Section I does not apply:**
**1.** in excess of the financial responsibility limits, to any vehicle used to carry passengers or goods for hire, including but not limited to delivery of food or any other products.
**9.** to damage to:
   (a) Property, including motor vehicles of any type, owned by an *insured:* or
   (b) Property, including motor vehicles of any type, rented to, transported by, or in charge of an *insured* other than a residence while rented to or leased to an *insured* or a private garage while rented to or leased by an *insured*.
**OTHER INSURANCE**
This provision is revised as follows:
If the *insured* has other insurance against a loss covered by **Section I** of this policy, we will not owe more than our pro-rata share of the total coverage available. Any insurance we provide for losses arising out of the ownership, maintenance or use of a *motorcycle you* do not own shall be excess over any other valid and collectible insurance; except for a *motorcycle* provided by a motor vehicle dealer when an *insured* has custody of or is operating that *motorcycle*, while the *insured's motorcycle* is being transported, serviced, repaired or inspected by the motor vehicle dealer. This exception only applies to the loan of a *motorcycle* by a motor vehicle dealer that occurs without financial remuneration in the form of a fee, rental or lease charge paid directly by the *insured* operating the *motorcycle*.
**SECTION III – PHYSICAL DAMAGE COVERAGES**
The following definition is replaced:
**4.** *Custom parts or equipment* means:
   1.  Non-stock sidecars;
   2.  Trike conversion kits;
   3.  A trailer designed to be pulled behind a motorcycle or ATV; or
   4.  Paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which:
       a)  Are permanently installed or attached; or
       b)  Alter the appearance or performance of a vehicle.

Case ID: 190102146

This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in *your owned motorcycle*, using bolts or brackets, including slide-out brackets.

**Exclusions**

The following exclusion is added:

**14.** Coverage under Section III does not apply to damage to *your owned motorcycle* that is designed for operation principally off public roads, if the damage does not affect the structure or safe operation of *your owned motorcycle*. Such damage includes, but is not limited to paint chips, scratches, scrapes, and minor dents.

**OTHER INSURANCE**

This provision is revised as follows:

If the *insured* has other insurance against a *loss* covered by **Section III**, we will not owe more than our pro-rata share of the total coverage available. Any insurance we provide for a *temporary substitute vehicle* you do not own shall be excess over any other collectible insurance; except for a *motorcycle* provided by a motor vehicle dealer when an *insured* has custody of or is operating that *motorcycle*, while the *insured's motorcycle* is being transported, serviced, repaired or inspected by the motor vehicle dealer. This exception only applies to the loan of a *motorcycle* by a motor vehicle dealer that occurs without financial remuneration in the form of a fee, rental or lease charge paid directly by the *insured* operating the *motorcycle*.

**SECTION IV – UNINSURED AND UNDERINSURED MOTORISTS COVERAGE**

The definition of *underinsured motor vehicle* is replaced with the following:

**7.** *Underinsured motor vehicle* means: a motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages.

The term *Underinsured motor vehicle* does not mean any vehicle:
   a) Which is an insured motorcycle under the liability coverage of this policy;
   b) Which is a land motor vehicle or trailer operated on rails or crawler-treads or located for use as a residence or premises;
   c) Which is a farm-type tractor
   d) That is designed mainly for use off public roads, while not being used on public roads.
   e) That is not required to be registered as a motor vehicle.

The definition of *uninsured motor vehicle* is replaced with the following:

**8.** *Uninsured motor vehicle* means a land motor vehicle or trailer of any type:
   a) To which no liability insurance or self-insurance applies at the time of the accident or loss;
   b) Which is a *hit-and-run motor vehicle* as defined; or
   c) Whose insurer becomes insolvent within six years after the accident.

The term *uninsured motor vehicle* does not include:
   a) An *insured motorcycle*;
   b) A motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law, or any similar law;
   c) A land motor vehicle or trailer operated on rails or crawler-treads or located for use as a residence or premises; or
   d) A farm-type tractor.
   e) Any motor vehicle that is designed mainly for use off public roads, while not being used on public roads.
   f) Any motor vehicle that is not required to be registered as a motor vehicle.

**SECTION V - GENERAL CONDITIONS**

The condition for POLICY PERIOD is revised as follows:

Unless otherwise cancelled, this policy will expire as shown in the Declarations. But, it may be continued by our offer to renew and *your* acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire as stated in the Declarations.

We affirm this amendment.

W. C. E. Robinson
Secretary

William E. Roberts
President

Case ID: 190102146



**GEICO CASUALTY COMPANY**
One GEICO Boulevard
Fredericksburg, VA 22412-0003

Tel: 1-800-841-3000

# Declarations Page
This is a description of your coverage.
Please retain for your records.

**Policy Number: 4282-59-15-95**
**Coverage Period:**
03-27-17 through 09-27-17
12:01 a.m. local time at the address of the named insured.

Date Issued: February 22, 2017

FRANCIS R BUTTA AND YVONNE A
 BUTTA
1970 VETERANS HWY APT N3
LEVITTOWN PA 19056-2504

Email Address: davis105@msn.com

PENNSYLVANIA LAW REQUIRES THAT WE NOTIFY YOU THAT THIS POLICY COVERS COLLISION DAMAGE TO A RENTAL VEHICLE WITH THE SAME POLICY PROVISIONS AND CONDITIONS, COVERAGE LIMITS AND DEDUCTIBLES THAT APPLY TO YOUR OWNED AUTO. IF YOU HAVE MORE THAN ONE CAR INSURED, THE RENTAL CAR WOULD BE COVERED WITH THE BROADEST (LOWEST DEDUCTIBLES) COVERAGES INCLUDED UNDER THE COLLISION ON YOUR POLICY. REMEMBER COLLISION COVERAGE EXTENDS ONLY IF YOU HAVE PURCHASED IT FOR YOUR OWN VEHICLES.

| Named Insured | Additional Drivers |
|---|---|
| Francis R Butta | None |
| Yvonne A Butta | |

| Vehicles | | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|---|
| 1 1997 Toyota | Cel GT/LE | JT5FG02T4V0041070 | Levittown PA 19056 | |
| 2 2015 Subaru | Forester | JF2SJADC4FH407363 | Levittown PA 19056 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| Bodily Injury Liability | | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $111.07 | $87.72 |
| Property Damage Liability | $100,000 | $110.66 | $110.56 |
| First Party Benefits | Option A | $24.95 | $19.54 |
| Uninsured Motorists/With Stacking | | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $25.92 | $35.90 |
| Underinsured Motorist/With Stacking | | | |
| Each Person/Each Occurrence | $100,000/$200,000 | $38.25 | $57.38 |
| Comprehensive | $50 Ded | $34.78 | $58.27 |
| Collision | $250 Ded | $68.17 | $139.54 |

T-K
DEC_PAGE (03-14)  (Page 1 of 4)

Coverages Continued on Back
Renewal Policy Page 7 of 22

Case ID: 190102146

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| Emergency Road Service | Full | $7.85 | $3.48 |
| Rental Reimbursement | $30 Per Day | - | $20.94 |
| | $900 Max | - | - |
| | $50 Per Day | $34.90 | - |
| | $1500 Max | - | - |

| | | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| **Six Month Premium Per Vehicle** | | **$455.93** | **$536.63** |
| **Total Six Month Premium** | | | **$992.56** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

Discounts

| | |
|---|---|
| The total value of your discounts is | $641.79 |
| Restraint | $18.94 |
| Anti-Theft | $10.34 |
| Good Driver | $237.36 |
| Persistency | $126.94 |
| Anti-Lock Brake | $10.92 |
| New Vehicle Discount | $20.56 |
| Multi-Vehicle Discount | $216.73 |

| The following discounts have also been applied | |
|---|---|
| Driving Experience | Included |
| Secondary Underwriting Tier | Included |

Contract Type: A30PA
Contract Amendments: ALL VEHICLES - A184 A30PA A54PA

Unit Endorsements:    A115 (VEH 1,2); A431 (VEH 1,2); A469 (VEH 1,2); A472 (VEH 1,2); A468 (VEH 1,2)

The following forms for your policy are available to review online at geico.com/express:

| Form Name | Form Number (Revision Date) |
|---|---|
| Family Auto Policy Contract | A30PA (05-14) |
| Emergency Road Service | A115 (04-08) |
| Rental Reimbursement Coverage | A431 (05-11) |
| Notice Of Change | M700PALT (05-16) |
| Auto Policy Amendment | A184 (02-15) |
| Automobile Policy Amendment | A54PA (02-16) |
| Limited Tort Amendment | A468 (05-16) |

You will have the option to view and save, print, or have us mail you a copy of any of the forms on our website at no cost.

Case ID: 190102146

**GEICO**
GEICO CASUALTY COMPANY
Policy Number: 4282-59-15-95

**Automobile Policy Amendment**
**Underinsured Motorists Coverage**
**Pennsylvania (Stacked Limits)**

Section IV of *your* policy is replaced by the following:

**UNDERINSURED MOTORISTS COVERAGE**

Protection for *you* and *your* passengers for injuries caused by Underinsured Motorists.

**DEFINITIONS**

The definitions of terms in Section I apply to this coverage. The following definitions apply only to this coverage.

1. *Household Member* means a person residing in *your* household who is:
   (a) *Your* spouse; or
   (b) A *relative*; or
   (c) A minor in *your* custody or the custody of a *relative*.
2. *Insured* means:
   (a) *You*;
   (b) A *household member*;
   (c) Any other person while *occupying* an *owned auto*;
   (d) Any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b) and (c) above.
   If there is more than one *Insured*, our limits of liability will not be increased.
3. *Insured Motor Vehicle* is a motor vehicle:
   (a) Described in the declarations and covered by the bodily injury liability coverage of this policy;
   (b) Temporarily substituted for an *insured motor vehicle* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
   (c) Operated by *you* or *your* spouse if a resident of the same household.
   But the term *Insured motor vehicle* does not include:
   (i) A motor vehicle used to carry passengers or goods for hire except in a carpool;
   (ii) A motor vehicle being used without the owner's permission; or
   (iii) Under subparagraphs (b) and (c) above, a motor vehicle owned by or furnished for the regular use of an *insured*.
4. *Limited Tort Option* means the right to seek recovery for economic loss sustained in a motor vehicle accident for which another person is responsible. Recovery is excluded for *noneconomic loss*.
5. *Noneconomic Loss* means pain and suffering and other nonmonetary damages.
6. *Occupying* means in, upon, entering into or alighting from.
7. *State* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.
8. *Underinsured Motor Vehicle* means:
   a motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages.
   The term *Underinsured Motor Vehicle* does not include:
   (a) An *Insured motor vehicle* under the liability coverage of this policy;
   (b) A land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises; and
   (c) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

**LOSSES WE PAY**

Under this coverage, we will pay damages for *bodily injury* caused by an accident which the *insured* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* arising out of the ownership, maintenance or use of that motor vehicle.

The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. If any *insured* making claim under this coverage and we do not agree:

1. Whether that person is legally entitled to recover damages from the owner or operator of an *underinsured motor vehicle*; or
2. As to the amount of damages; or
3. Whether that person is entitled to coverage under this policy;

then the dispute shall be resolved in a court of competent jurisdiction in the county or federal district where the *insured* resided at the time of the accident. Should a dispute proceed to litigation we will be obligated to pay no more than the applicable policy limits for this coverage. Upon the written agreement of all parties, the dispute under 1., 2. or 3. above, may be submitted to arbitration. However, neither the *insured* nor we will be required to arbitrate unless both parties

A472 (01-15)  Page 1 of 3

Renewal Policy Page 20 of 22

Case ID: 190102146

voluntarily agree in writing to submit the matter to arbitration.

An *insured* may not recover damages under both the Uninsured Motorists Coverage and the Underinsured Motorists Coverage for the same accident.

## EXCLUSIONS

### When This Coverage Does Not Apply

1. This coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.
2. This coverage does not apply to *bodily injury* while *occupying* or from being struck by a vehicle owned or leased by *you* or a *relative* that is not insured for Underinsured Motorists Coverage under this policy.
3. This coverage will not benefit any self-insurer or disability benefits insurer.
4. We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.
5. We do not cover any person while *occupying* a vehicle described in the declarations on which only Physical Damage Coverages are carried.
6. We do not cover damages for *noneconomic loss* if an *insured* has elected the *Limited Tort Option* unless that *insured* sustains a serious injury as is defined by MVFRL 75 Pa. C.S. §1702.
7. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.
8. This coverage does not apply to the use of any vehicle by an *insured* without permission from the owner.
9. When using a motor vehicle furnished for the regular use of *you, your* spouse, or a *relative* who resides in *your* household, which is not insured under this policy.
10. This coverage does not apply to any liability assumed under any contract or agreement.
11. This coverage does not apply to damage caused by an *insured's* participation in or preparation for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.
12. This coverage does not apply to any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a *personal vehicle sharing program*.
13. This coverage does not apply to *bodily injury* for any person or organization while any vehicle:
    (a) is being used to carry persons for compensation or a fee; or
    (b) is being used for *ride-sharing*.
    However, a vehicle used in an ordinary car pool is covered.

## LIMIT OF LIABILITY

1. For *you* or a *household member*, the most we will pay for all damages including those for care or loss of services due to *bodily injury* to one person in any one accident is the sum of the "each person" limits for Underinsured Motorists Coverage shown in the declarations applicable to each vehicle.
   Subject to the "each person" limit above, for *you* or *your household members*, the most we will pay for all damages, including those for care or loss of services due to *bodily injury* to two or more persons in any one accident is the sum of the "each accident" limit shown in the declarations as applicable to each vehicle.
2. For *insureds* other than *you* or a *household member*, the most we will pay for all damages including those for care or loss of services, due to *bodily injury* to one person in any one accident is the limit shown in the declarations for "each person" applicable to the vehicle that the *insured* was *occupying* at the time of the accident.
   For *insureds* other than *you* or a *household member*, the most we will pay for all damages including those for care or loss of services, due to *bodily injury* to two or more persons in any one accident is the limit shown in the declarations for "each accident" applicable to the vehicle that the *insured* was *occupying* at the time of the accident.
3. No *insured* may:
   (a) Receive duplicate payments for the same elements of loss; or
   (b) Recover damages from both Uninsured Motorists Coverage and the Underinsured Motorists Coverage for the same accident.
4. The amount paid or payable under this coverage will be reduced by all amounts paid by or for all persons or organizations liable for the injury.
5. Any payment made under this coverage will reduce the amount an *insured* is entitled to recover for the same damages under the Bodily Injury Coverage.
6. Our limit of liability under this Underinsured Motorist Coverage as described in 1. or 2. above shall be reduced by any amount the *insured* is entitled to recover under Section I - Liability Coverage of this policy.

## OTHER INSURANCE

If there is other insurance applicable to a loss we have paid for, we are entitled to recover any remaining pro rata share of the benefits paid and the costs of processing the claim. Our pro rata share is the proportion our limit of liability bears to the total of all applicable limits.

Any insurance we provide for a vehicle *you* do not own is excess over any other collectible insurance, self insurance, or bond.

for more than our pro-rate share of the total coverage available.

**TRUST AGREEMENT**

Whenever we owe payment under this coverage:

1. We will be entitled to repayment of that amount out of any settlement or judgment after the *insured* has recovered his damages from any person or organization legally responsible for the *bodily injury*.
2. The *insured* will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.
3. At our request, the *insured*, in his own name, will take appropriate actions necessary to recover payment for damages from the legally responsible person or organization. We will be reimbursed out of the recovery for our expenses, costs and attorneys' fees if we initiate the action.
4. The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

**CONDITIONS**

The following conditions apply only to this coverage:

1. NOTICE

   As soon as possible after an accident, notice must be given to us or our authorized agent stating:
   (a) The identity of the *insured*;
   (b) The time, place and details of the accident; and
   (c) The name and addresses of the injured, and of any witnesses.

   If the *insured* or his legal representative files suit before we make settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2. ASSISTANCE AND COOPERATION OF THE *INSURED*

   The *insured* must take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require the *insured* to make that person or organization a defendant in any action against us.

3. ACTION AGAINST US

   Suit will not lie against us unless the *insured* and his legal representative have fully complied with all the policy terms.

4. PROOF OF CLAIM-MEDICAL REPORTS

   As soon as possible, the *insured* or other persons making claim must give us written proof of claim, under oath if required.  This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

   Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

   The *insured* will submit to examination by doctors chosen by us, at our expense, as we may reasonably require.  In the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

5. PAYMENT OF LOSS

   Any amount due is payable:
   (a) To the *insured* or his authorized representative;
   (b) If the *insured* is a minor to his parent or guardian; or
   (c) If the *insured* is deceased, to his surviving spouse; otherwise
   (d) To a person authorized by law to receive the payment, or to a person legally entitled to recover payment for the damages.

   We may at our option, pay any amount due in accordance with d) above.

We affirm this amendment.

W. C. E. Robinson
Secretary

William E. Roberts
President

Case ID: 190102146

EXHIBIT B

Case ID: 190102146



**GEICO Casualty Company**

Attn: Region 1 Claims, PO Box 9505
Fredericksburg, VA 22403-9505

08/18/2017

Mr. Francis J. Butta
1970 Veterans Hwy APT N3
Levittown, PA 19056-2504

| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 045630068-0101-063 |
| Loss Date: | Thursday, July 20, 2017 |
| Policyholder: | Francis Butta |
| Driver: | Francis J. Butta |

Dear Mr. Butta,

With respect to the automobile accident occurring on July 20, 2017, GEICO Casualty Insurance Company hereby disclaims and denies any and all liability or obligation to you and to others under policy number 4282591595 issued to Francis Richard Butta.

This disclaimer is made per Section IV, Underinsured Motorist Coverage, Exclusion 2 of the policy, as amended, which states:

**EXCLUSIONS**
**When This Coverage Does Not Apply**
**2.** This coverage does not apply to *bodily injury* while *occupying* or from being struck by a vehicle owned or leased by *you* or a *relative* that is not insured for Underinsured Motorists Coverage under this policy.

The Underinsured Motorist Coverage does not apply to you with regards to the above referenced date of loss as you are a relative of Francis Richard Butta and the 2007 PIAG/VESPA Fly 150 involved in this loss is not insured under Francis Richard Butta's policy.

The GEICO Casualty Insurance Company will take no further action with respect to any claim which you might have against us or with respect to any claim or suit against you which has arisen, or may rise, out of the said accident and hereby withdraws from the matter entirely.

EC0020 (1/2007)

Sincerely,

Caroline Kearns
540-286-4298
Claims Department

For your protection Pennsylvania law requires the following statement to appear on this form: "Any person who knowingly and with intent to injure or defraud any insurer files and application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine up to $15,000."

cc:     Haggerty Goldberg Schleifer And Kupersmith Pc

Case ID: 190102146

**SCHMIDT KRAMER PC**
BY:   Scott B. Cooper
        I.D. #70242
        209 State Street
        Harrisburg, PA  17101
        (717) 232-6300
        scooper@schmidtkramer.com

Filed and Attested by the
Office of Judicial Records
24 JAN 2019 02:41 pm
IMPERATO

                                                        Attorneys for Plaintiff(s)

| | | |
|---|---|---|
| Francis J. Butta, | : | **IN THE COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY,** |
| | : | **PENNSYLVANIA** |
| **Plaintiff** | : | |
| **v.** | : | **No. January 2019 002146** |
| | : | |
| **Geico Casualty Company,** | : | **CIVIL ACTION – LAW** |
| | : | |
| **Defendant** | : | **JURY TRIAL DEMANDED** |

<u>**PRAECIPE FOR ENTRY OF APPEARANCE**</u>

TO THE PROTHONOTARY:

          Please enter the appearance of Scott B. Cooper of SCHMIDT

KRAMER PC as attorney of record for the Plaintiffs in the above-captioned

action.


                              Respectfully submitted,

                              **SCHMIDT KRAMER PC**


                              By_____
                                 Scott B. Cooper
                                 I.D. No. 70242
                                 209 State Street
                                 Harrisburg, PA  17101
                                 (717) 232-6300
                                 Attorney for Plaintiff

Date: 1/24/19

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature:

Name: Scott B. Cooper

Attorney No. (if applicable): 70242

**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.**
**BY: JAMES C. HAGGERTY, ESQUIRE**
**Attorney I.D. No: 30003**
1835 Market St., Suite 2700
Philadelphia, PA  19103
267-350-6600

*Filed and Attested by the Office of Judicial Records*
**ATTORNEY FOR PLAINTIFFS** *9 pm*

---

FRANCIS J. BUTTA
INDIVIDUALLY AND ON BEHALF OF A
CLASS OF SIMILARLY SITUATED PERSONS

vs.

GEICO CASUALTY COMPANY

:
:
:
: JANUARY TERM, 2019
: NO.   002146
:
:
:

## AFFIDAVIT OF SERVICE

James C. Haggerty, Esquire, being duly sworn according to law,
deposes and states that a copy of the Complaint was served upon the
defendant, GEICO Casualty Company, 5260 Western Avenue, Chevy Chase,
MD  20815 by Certified Mail, Return Receipt Requested Mail in accordance
with the Pennsylvania Rules of Civil Procedure.  A copy of the Tracking
Confirmation is attached.

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY:   /s/ James C. Haggerty
      JAMES C. HAGGERTY, Esquire
      PA Attorney I.D. # 30003
      1835 Market Street, Suite 2700
      Philadelphia, PA  19103
      (267) 350-6600
      FAX (215) 665-8197
      Attorney for Plaintiff

Case ID: 190102146



Haggerty, Goldberg, Schleifer, & Kupersmith, P.C.

James C. Haggerty
*Attorney at Law*
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1835 Market Street
Suite 2700
Philadelphia, PA 19103

phone:   (267) 350 – 6609
fax:     (215) 665 – 8201
email:   jhaggerty@hgsklawyers.com
web:     www.hgsklawyers.com

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
John J. Beichert
Mark J. Kogan
Julianna Merback Burdo *

Beth Bowers
Joseph P. Bradica *
Bethany Brooks
Matthew D. Colavita *
Ana R. Amarante-Craig *
Eileen V. Dooley
Michael Hagstotz *
Jason Anthony Lai *
Miriam A. Newman *
Robin Schleifer Weiss *
Scott J. Schleifer *
Jeffrey K. Stanton *
Suzanne Tighe
Jason R. Weiss *

Special Counsel
Stephen David

Counsel
Irving L. Abramson
Sis-Obed Torres <

* Member of NJ Bar
< Member of NY Bar Only

January 23, 2019

GEICO Casualty Insurance Company
5260 Western Avenue
Chevy Chase, MD  20815

Re:   Francis J. Butta v. GEICO Casualty, et al.
      D/A:  7/20/17

Dear Sir or Madam:

Enclosed please find a Civil Action Complaint relative to the above matter. This Complaint has been filed in the Court of Common Pleas of Philadelphia County. Kindly note that you may wish to secure counsel to file a response to same in accordance with the Pennsylvania Rules of Civil Procedure.

Service of the Complaint is being made by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure and the International Interstate and Service of Process Act, 42 Pa.C.S.A. § 5321.  This service is in compliance with Pennsylvania law.  Please note your obligation to respond to this pleading.

Very truly yours,

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

James C. Haggerty

RN RECEIPT REQUESTED

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7018 0680 0000 2610 0614

s throughout Pennsylvania:
ett Square     Lancaster     Lebanon     Philadelphia     Reading

Case ID: 190102146

1-888-975-LAW1        www.hgsklawyers.com

USPS.com® - USPS Tracking® Results

# USPS Tracking®

**FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package +

**Tracking Number:** 70180680000026100614

Remove ✕

**Expected Delivery on**

## FRIDAY
## 25 JANUARY 2019 ⓘ

by
**8:00pm** ⓘ

⊘ **Delivered**

January 25, 2019 at 11:40 am
Delivered, Front Desk/Reception/Mail Room
CHEVY CHASE, MD 20815

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

January 25, 2019, 11:40 am
Delivered, Front Desk/Reception/Mail Room
CHEVY CHASE, MD 20815
Your item was delivered to the front desk, reception area, or mail room at 11:40 am on January 25, 2019 in CHEVY CHASE, MD 20815.

January 25, 2019, 8:46 am
Out for Delivery
CHEVY CHASE, MD 20815

Case ID: 190102146

USPS.com® - USPS Tracking® Results

January 25, 2019, 8:36 am
Sorting Complete
CHEVY CHASE, MD 20815


January 25, 2019, 7:57 am
Arrived at Unit
BETHESDA, MD 20817


January 25, 2019, 4:59 am
Departed USPS Regional Facility
WASHINGTON DC DISTRIBUTION CENTER


January 24, 2019, 4:12 pm
Arrived at USPS Regional Facility
WASHINGTON DC DISTRIBUTION CENTER


January 24, 2019, 11:34 am
Arrived at USPS Regional Facility
GAITHERSBURG MD DISTRIBUTION CENTER


January 23, 2019, 9:25 pm
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER

Feedback

---

**Product Information**                                             ⌄

---

See Less ⌃


# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.


**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Case ID: 190102146

USPS.com® - USPS Tracking® Results

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

Feedback

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

Case ID: 190102146