IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCIS J. BUTTA**, individually and on behalf of a class of similarly situated persons,<br><br>      Plaintiff,<br><br>v.<br><br>**GEICO CASUALTY COMPANY**,<br><br>      Defendant. | Case No.: 2:19-cv-00675-MAK |

**PLAINTIFF'S REPLY MEMORANDUM**
<u>**IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION**</u>

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600; FAX (215) 665-8197

SCHMIDT KRAMER P.C.
SCOTT B. COOPER, Esq.
PA Attorney ID #70242
209 State Street
Harrisburg, PA  17101
(717) 232-6300

KOHN SWIFT & GRAF, P.C.
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
1600 Market Street,
Suite 2500
Philadelphia, PA  19103
(215) 238-1700

*Attorneys for Plaintiff*

**I.      Introduction**

This is not a complicated case for certification under Rule 23. It does not involve, for example, the application of the law of multiple states, nor does it involve multiple claims or even multiple defendants. Plaintiff is not seeking to recover to certify a damage class for his breach of contract claim, where arguably individual issues predominate under Rule 23(b)(3). Plaintiff explained in his opening brief that this is actually a paradigmatic Rule 23(b)(2) class action for equitable relief as it involves a uniform insurance policy that GEICO continues to interpret in a uniform manner under one state law (Pennsylvania) despite the seminal ruling in *Gallagher*. Plaintiff is situated in the identical position as all other class members in that GEICO has refused to honor a claim employing an exclusion in its auto policy that the Pennsylvania Supreme Court has now ruled unlawful. In order to effectuate that ruling, and to avoid relitigating the same issue over and over, Plaintiff explained that his request for injunctive relief met all the requirements of Rule 23(a) and 23(b)(2).

GEICO's opposition is based on a parade of horrors and a view, that, if accepted, would foreclose any Rule 23(b)(2) class action from ever moving forward. GEICO challenges the very essence of the class action device, and even tries to benefit from its own shoddy recordkeeping. Moreover, GEICO invites this Court to rule on the merits of Plaintiff's claim under the guise that it is analyzing Rule 23 requirements. Plaintiff makes simple requests for relief: declare that Plaintiff's and the putative class' claims for the stacking of uninsured or underinsured motorist ("UM/UIM") benefits are not barred by the household exclusion contained in every GEICO policy at issue in this case, and enjoin GEICO from asserting the exclusion in future requests for stacked UM/UIM coverage. Class treatment of Plaintiff's equitable claims is appropriate because the Plaintiff seeks to adjudicate purely legal issues on a class-wide basis, namely, the validity

and applicability of GEICO's "household exclusion" in connection with stacked insurance coverage. Thus, GEICO's kitchen sink of Rule 23 (and merits) arguments should be rejected.

**II.     Argument**

   **A.  Plaintiff Pleads the Relief He Seeks**

GEICO first argues that Plaintiff is bringing claims not pled in his complaint. This is incorrect. Plaintiff's first count in his complaint is one for declaratory relief. The injunctive relief he seeks to certify is derivative of his request for a declaratory judgment, and GEICO's claim of "great prejudice" should the Court certify it rings hollow. The cases Defendant cites, *Com. Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988); and *Jones v. Trese,* No. 16-1453, 2018 WL 4344979 (W.D. Pa. Sept. 11, 2018), do not advance its argument. They have nothing to do with Rule 23 as those cases involved the attempt to add new causes of action in response to a motion to dismiss (*PepsiCo)* and a motion for summary judgment (*Jones*).  Here, Plaintiff's injunctive relief is closely related to and part of his request for declaratory relief. Thus, Plaintiff pleads the relief he seeks.[1]

   **B.  Plaintiff has Article III Standing to Pursue Injunctive Relief**

GEICO next argues that Plaintiff does not have Article III standing to bring an injunctive relief claim because he is unable to demonstrate a "reasonable likelihood" of future injury. Defendant apparently confuses the proof for obtaining injunctive relief, "a reasonable likelihood of success on the merits," with the requirements for standing under Article III in the context of a dispute over the proper scope of insurance coverage. *See New Jersey Physicians, Inc. v. President of the United States*, 653 F.3d 234, 238 (3d Cir. 2011) (plaintiffs must "demonstrate a

---

[1] Should the Court credit GEICO's position, Plaintiff would request leave to amend his complaint.

realistic danger of sustaining a direct injury[ ]") (*quoting Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, (1979)); *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 301 (3d Cir. 2012) (*citing Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009)) (Article III standing requires plaintiff to reasonably demonstrate a threat of harm).

Defendant ignores cases Plaintiff cited such as *Bond v. Liberty Insurance Corp.,* No. 2:15-CV-04236-NKL, 2017 WL 1628956 (W.D. Mo. May 1, 2017), where the court rejected the identical argument GEICO makes here in a dispute about the interpretation of a clause in a homeowner's policy which resulted in alleged underpayments to the class of homeowner policy insureds.  Plaintiff sought a class-wide injunction requiring Liberty to stop applying deductibles to "actual cash value" payments under the policy at issue. Defendants argued the class representative plaintiffs lack standing to seek injunctive relief because their injury was too speculative as they did not face an imminent threat of a future injury. In that case, defendant even cited evidence, unlike GEICO here, that plaintiffs had a less than six percent chance of experiencing future property damage covered under their Liberty policy, which would be necessary for them to suffer the alleged underpayment of a future ACV claim. The court rejected the standing argument, explaining that:

> There is no dispute that this was Liberty's past practice and continues to be its present practice for paying out ACV claims under its policy. If the Bonds' risk of future property damage were so speculative and conjectural that it did not confer standing, it is difficult to understand the need for Liberty's insurance policy, which the Bonds and other putative class members purchased to protect themselves from such an injury. For the previous reasons, the Bonds' risk of alleged harm is sufficiently imminent to confer standing to seek injunctive relief

*Id.* at *5.

The court in *Bond* also addressed another point GEICO makes here: the Class consists of individuals that are not current GEICO insureds. As the Court may do here if it deems it

appropriate, the *Bond* court divided the proposed class into an injunctive relief subclass limited to current insureds and a declaratory relief subclass comprised of both current and former insureds. *Id*. at *7, *citing* Fed. R. Civ. P. 23(c)(5) ("[w]hen appropriate, a class may be divided into subclasses that are each treated as a class under this rule.").

There is no reasonable argument about Plaintiff's standing to bring a claim for declaratory relief. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997) (to demonstrate standing to seek declaratory relief, a plaintiff must "demonstrate that he has suffered [an] injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision."). Thus, even if Plaintiff lacks standing to seek injunctive relief, an issue that may require further discovery, the Court should still certify the (b)(2) class for declaratory relief. *See, e.g.,* Wright & Miller*, § 1775 Class actions for Injunctive or Declaratory Relief*, 7AA Fed. Prac. & Proc. ("Because of the close nexus between injunctive and declaratory relief, it is quite common for parties seeking a declaration of their rights also to include a request for an injunction. But the rule does not require that both forms of relief be sought and a class action seeking solely declaratory relief may be certified under subdivision (b)(2)."). *See also Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402 (6th Cir. 2012) (certifying (b)(2) class for declaratory relief where plaintiffs sought order declaring the proper interpretation of the phrase "actual charges" in their life insurance policies).

### C. The Class is Properly Defined

GEICO next claims the proposed Class is overbroad because it includes individuals who are barred by the statute of limitations and because it is not objectively defined. Neither argument has merit. Regarding the former argument, even if true on the merits, courts routinely redefine the temporal scope of the Class to address class definitions that on their face include

stale claims. *See, e.g., Haney v. Recall Center*, 282 F.R.D. 435, 438 (W.D. Ark. 2012). *See also* 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1759 (3d ed.) ("[T]he court may construe the complaint or redefine the class to bring it within the scope of Rule 23 or it may allow plaintiff to amend in order to limit the class."). In addition, district courts can consider changes to class definitions proposed in reply briefs. *See, e.g., Greenwood v. Compucredit Corp.*, 2010 WL 291842, at *3 (N.D. Cal. Jan. 19, 2010) (noting the plaintiffs amended their class definition in their reply brief). Thus, denying class certification on this basis is not the appropriate way to manage the action. Instead, a modified class definition is the more sensible route. *See also Battle v. Pennsylvania*, 629 F.2d 269, 271 n. 1 (3d Cir. 1980) ("Where ... the class action seeks only injunctive or declaratory relief… the district court has even greater freedom in both the timing and specificity of its class definition.").

Regarding the objectivity of the proposed class definition, GEICO claims that the class definition requires that each class member's claim resulted from the negligence of another person and that the negligent person be uninsured or underinsured. That is misleading because the negligence requirement is not subjective; the class member claiming UIM or UM benefits cannot avail himself or herself of GEICO's stacking coverage unless negligence of the third party tortfeasor has been proven. Similarly, there is no subjectivity or over-broadness to the requirement that the named insured elect and pay for stacked uninsured and/or underinsured coverage.

Finally, GEICO grossly overstates the need for "countless mini-hearings" to determine class membership. For example, "whether the class member is insured under the policy" is a classic red herring argument. If Plaintiff is correct on the merits, the class member is an insured under the policy if he resides in a household with a person that is a GEICO insured. Similarly,

5

"whether any other exclusions applied" is of no consequence because Plaintiff is asking for declaratory and injunctive relief only as to the applicability of the household exclusion.

### D. Plaintiff Satisfies the 23(a) Requirements

GEICO's first argument under Rule 23 is that Plaintiff cannot meet the commonality requirement under Fed. R. Civ. P. 23(a)(2) because the application of *Gallagher* is fact-specific to each class member's claim. This argument miscomprehends the commonality requirement. Plaintiff seeks to certify a class of insured plaintiffs whose UM or UIM claims have been denied under an identical clause in an identical policy. Thus, all class members' claims revolve around the same question of whether GEICO's uniform policy of denying stacking coverage to a household resident is permissible after *Gallagher*. The class members' declaratory and injunctive request will rise or fall collectively based on a determination of this question. As Rule 23(a)(2) requires only one common issue of law or fact among class members, this issue alone is sufficient to meet the commonality requirement. *Wal-Mart,* 131 S. Ct. at 2556 ("We quite agree that for the purposes of Rule 23(a)(2) 'even a single common question' will do.") (citation omitted).

Plaintiff similarly satisfies the typicality requirement despite GEICO's argument that Plaintiff's claim is atypical because (1) *Gallagher* does not apply to Plaintiff's claim and may not apply to all or some of the class' claims and (2) GEICO's affirmative defenses. GEICO's first argument is a merits argument that is not properly determined at the class certification stage. *See Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160–61 (1982)) (a court has no "authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action."). *See also Amgen Inc. v. Connecticut Retirement Plans and Trust Funds,* 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging

merits inquiries at the certification stage."). Whether *Gallagher's* decision was based on "unique facts," as GEICO claims, and has limited applicability, does not implicate the typicality requirement. Because Plaintiff's and the Class' claims arise out of the same course of conduct, that being GEICO's use of the household exclusion to deny stacking overage, typicality is satisfied.

GEICO's claim that affirmative defenses defeat typicality fares no better. First, GEICO's position that Plaintiff and class member will have to establish the negligence of the UM/UIM motorist misses the mark. Plaintiff's claim for declaratory and injunctive relief does not require the adjudication of the liability of the motorist, or any facts unique to Plaintiff or the Class. Those issues will be determined in each class members' subsequent individual case. Moreover, defenses will defeat typicality only when they are "unique" to the Plaintiff. *See Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006). Here, the alleged defenses GEICO raises are the same defenses it would raise to all of the Class' claims. Thus, Plaintiff will not be subject to a defense that is both inapplicable to many members of the class and likely to become a "major focus" of the litigation. *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 598 (3d Cir. 2012).

GEICO's attack on the adequacy of Mr. Butta is insufficient to disqualify him under Fed. R. Civ. P. 23(a)(4). Plaintiff is not waiving his or class members' damage claims. His seeking of equitable relief on behalf of the Class does render him inadequate. *See In re Vitamin C Antitrust Litig.,* 279 F.R.D. 90, 114 (E.D.N.Y. 2012) (participation in a Rule 23(b)(2) class seeking injunctive relief does not preclude absent class members from bringing their non-litigated claims in subsequent lawsuits, *citing Cooper v. Federal Reserve Bank of Richmond,* 467 U.S. 867, 880 (1984)). *See also Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir.1996) ("every federal court of

7

appeals that has considered the question [of claim splitting] has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages.").

GEICO's charge that Mr. Butta's "past and current conduct" render him unfit to serve as a class representative is baseless. Mr. Butta does not have an ongoing drug problem. He is currently sober and his past drug problems will not interfere with his ability to represent the Class. GEICO's attempt to stigmatize and disqualify him should be rejected as none of their attacks address his fitness to serve. The fact that GEICO's cites no authority to support its argument is telling.

### E.  **Plaintiff's Proposed Class Meets the Requirements for Certification under (b)(2)**

GEICO's attack on Plaintiff's proposed class under Rule 23(b)(2) is meritless. Contrary to GEICO's argument, a (b)(2) class is not meant to just "capture civil rights types cases." As the Third Circuit recently explained, certification is appropriate whenever a court finds that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *In re Google Inc. Cookie Placement Consumer Privacy Litig*. __ F.3d. __, 2019 WL 3559113, *8 (3d Cir. Aug. 6, 2019). In other words, the class must be "cohesive" such that the members "have strong commonality of interests." *Gates v. Rohm & Haas Co*., 655 F.3d 255, 263–64 (3d Cir. 2011). For purposes of 23(b)(2), cohesiveness requires that "the relief sought must perforce affect the entire class at once." In contrast, cohesiveness is lacking where "each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Ebert v. General Mills, Inc.,* 823 F.3d 472, 480-81 (8th Cir. 2016). As this Court recently explained, "[t]he key feature of an injunctive class is the 'indivisible nature of the injunctive or declaratory remedy warranted—the notion that the

conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Victory v. Berks County*, No. 18-5170, 2019 WL 2950171, *30 (E.D. Pa. 2019) (Kearney, J.) (citations omitted).  This is the situation here. No individual determinations are necessary to adjudicate what is at issue here: the past and future applicability of *Gallagher* to stacking coverage disputes where GEICO's policy contains a household exclusion. Determining the answer to that question will not, as GEICO argues, involve individual determinations relating to whether the potential class member is an insured under the policy, whether the alleged tortfeasor was at fault, whether the tortfeasor is uninsured or underinsured, or whether any other policy provisions exclude coverage or other defenses can be raised. Those issues are not implicated by Plaintiff's request for equitable relief. GEICO's thinly veiled attempt to create artificial barriers to certification should be rejected.

      GEICO ignores the cohesive nature of Plaintiff's proposed class and the indivisible nature of the equitable relief, choosing instead to accuse Plaintiff of proffering an "ill-disguised request for compensatory damages." Nothing could be further from the truth. Plaintiff brings this action to efficiently adjudicate the application and reach of the seminal *Gallagher* case. Rather than tax the resources of the Court, GEICO and the Class, Plaintiff seeks relief that, if successful, will avoid forcing the continuous re-litigation of stacked coverage rights both presently and in the future.

      As Plaintiff predicted in his opening brief, GEICO argues that "final relief" that Plaintiff and putative class members seek is money damages. That is wrong. First, if either the injunctive or declaratory relief component is final, Rule 23(b)(2) is satisfied. As the Ninth Circuit explained in *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 461 (9th Cir. 1996), "finality" is satisfied when a plaintiff challenges the defendant's

interpretation of contract; there it involved an ERISA plan administrator's interpretation of benefits. The fact that there will be a need for subsequent individual proceedings does not make Plaintiff's requests for equitable relief somehow inchoate. *See, e.g.*, *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins*. Co., 321 F.R.D. 688, 701 (S.D. Fla. 2017);[2] *Bond v. Liberty Insurance Corp.*, No. 2:15-CV-04236-NKL, 2017 WL 1628956 (W.D. Mo. May 1, 2017).

### III. CONCLUSION

Plaintiff's request for equitable relief is eminently appropriate for class treatment. The claim for equitable relief satisfies the Rule 23(a) requirements and the cohesive and finality requirements of 23(b)(2). The proposed class is both objective and ascertainable. Accordingly, Plaintiff's claim should be certified

August 26, 2019                                             Respectfully submitted,

HAGGERTY, GOLDBERG,                         SCHMIDT KRAMER P.C.
SCHLEIFER & KUPERSMITH, P.C.

BY:   /s/ James C. Haggerty                         BY:   /s/ Scott B. Cooper
JAMES C. HAGGERTY, Esquire              SCOTT B. COOPER, Esq.
PA Attorney I.D. # 30003                           PA Attorney ID #70242
1835 Market Street, Suite 2700                 209 State Street
Philadelphia, PA  19103                            Harrisburg, PA  17101
(267) 350-6600; FAX (215) 665-8197      (717) 232-6300

                                                                    KOHN SWIFT & GRAF, P.C.
                                                                    BY:   /s/ Jonathan Shub
                                                                    JONATHAN SHUB, Esquire
                                                                    PA Attorney I.D. # 53965
                                                                    1600 Market Street,
                                                                    Suite 2500

---

[2] GEICO's citation to the 11th Circuit opinion in *Gerber*, 925 F.3d 1205 (11th Cir. 2019), is misleading. The case was vacated because the assignee had no standing to pursue the case; thus, the assignor, who stood in the shoes of the assignee, also lacked standing. *Id*. at 1215. The remainder of the court's discussion was dicta.

10

Philadelphia, PA  19103
(215) 238-1700

Attorneys for Plaintiff