## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS J. BUTTA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  19-675** |
| | : | |
| **GEICO CASUALTY COMPANY** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                           **September 10, 2019**

An insured seeking coverage under an insurance policy will often sue for breach of contract arguing the insurer breached the policy terms by not paying his claim.  An insurer may defend by asserting Pennsylvania Law recognizes one of the insurance policy's exclusions.  But what happens when the Pennsylvania Supreme Court clarifies the policy exclusion may not be enforceable under Pennsylvania Law?  We today review the remedies when the insured sues the insurer seeking both damages for breach of the insurance policy and a declaration the insurer's defense based on Pennsylvania Law is invalid because, in his view, the insurer may no longer assert an affirmative defense based on the policy exclusion. The issue is whether an insured can obtain a declaratory judgment to eliminate an insurer's defense to a breach of contract claim in the same case as he seeks damages for breach of the same insurance policy.   After study of the controlling authority addressing use of a declaratory judgment to affect a defense to a claim for money damages, we today grant the insurer's motion for summary judgment on the insured's declaratory judgment claim.  The insured can challenge the affirmative defense through pre-trial and trial in pursuing damages for breach of contract.  But we decline to allow declaratory judgments as a pre-trial ruling on the merits of an insurer's defense based on a policy exclusion to a breach of contract claim in the same case.

## I.    Undisputed facts

### A.    Mr. Butta's parents' GEICO insurance policy applied to his motorcycle accident.

In June 2017, Francis J. Butta lived with his parents Francis R. Butta and Yvonne A. Butta.    He insured his Piaggio motorcycle with GEICO providing $15,000 in stacked underinsured motorist coverage."[1]    His parents also owned GEICO auto policies for their two cars providing them "$100,000.00 in stacked underinsured motorist coverage for two (2) vehicles."[2]    The parents did not insure their son's motorcycle.    The parents' policy contained a "household vehicle exclusion"[3]:

> When this Coverage Does Not Apply
> 2. This coverage does not apply to *bodily injury* while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for Underinsured Motorists Coverage under this policy.[4]

On June 20, 2017, June E. Rosengrant drove her Hyundai Santa Fe SUV into the son's motorcycle.[5]    The son "sustained personal injury" in the accident, though the parties contest the extent of those injuries.[6]    The son tendered a claim to Ms. Rosengrant's insurer "for recovery of damages in connection with injuries sustained" in the accident.[7]    Ms. Rosengrant's insurance policy provided $300,000 in liability coverage and her insurer paid $275,000 to the son "in exchange for a Release of all claims against [Ms.] Rosengrant."[8]

Asserting more than $275,000 in personal injuries, the son tendered a claim to GEICO for recovery of underinsured motorist benefits under his motorcycle policy.[9]    GEICO paid the $15,000 limit of underinsured motorist coverage under the motorcycle policy to the son.[10]

Asserting more than $290,000 in personal injuries, the son then tendered a claim to GEICO seeking underinsured motorist benefits under his parents' GEICO policy insuring their two cars.[11]    He wanted to stack the underinsured motorist benefits within his house.[12]    In August

2017, GEICO denied the son's underinsured benefits claim under his parents' policy, relying on the household vehicle exclusion.[13] GEICO explained "[t]he Underinsured Motorist Coverage does not apply" to the July 20, 2017 accident under the household vehicle exclusion because the son is "a relative of Francis Richard Butta and the [motorcycle] involved in this loss is not insured" under the parents' GEICO policy.[14]

**B.    Mr. Butta sues GEICO seeking class-wide declaratory relief and individual compensatory damages for breach of the insurance policy.**

The son Mr. Butta sued GEICO on January 23, 2019 in the Court of Common Pleas of Philadelphia County.[15] GEICO removed this action on February 15, 2019, invoking our diversity jurisdiction.[16] Mr. Butta alleges "at no time did Francis R. Butta or Yvonne A. Butta sign any waiver of stacking of uninsured motorist coverage under the[ir] Personal Auto Policy."[17] GEICO's "denial and disclaimer of stacked underinsured motorist coverage by reason of the household exclusion to [Mr. Butta] is illegal and [violates] the [Motor Vehicle Financial Responsibility Law ("MVFRL")"] because it "is a disguised and hidden waiver of stacking of inter-policy underinsured motorist coverage to which Francis R. Butta and Yvonne never agreed or consented."[18] Mr. Butta claims "[t]he household exclusion is a disguised stacking waiver . . . [violating] the MVFRL."[19]

Mr. Butta seeks: a declaratory judgment he "is entitled to recover stacked underinsured motorist coverage under" his parents' Personal Auto Policy;[20] a declaratory judgment entitling putative class members "to recover stacked uninsured and/or underinsured motorist coverage under the applicable policy providing stacked uninsured and/or underinsured motorist coverage";[21] and, damages for breach of contract because GEICO's "denial and disclaimer of underinsured motorist coverage to [him] under [his parents' policy] is a material breach of that

3

policy."[22] He pleads two counts: breach of contract for damages and for a declaratory judgment GEICO's defense based on the household exclusion is illegal under Pennsylvania Law.

GEICO plead thirty-six defenses including: failure to state a claim upon which relief can be granted; its Household Exclusion is valid, enforceable and consistent with Pennsylvania law at the time it adjusted Mr. Butta's claim; it complied with insurance laws and regulations and did not breach the contract; *Gallagher v. GEICO* does not apply to this case; and, the declaratory relief claim is improperly duplicative of the breach of contract claim.[23]

### C. We denied GEICO's motion to dismiss, finding the Pennsylvania Supreme Court's decision in *Gallagher* applies retroactively.

In March 2019, GEICO moved to dismiss Mr. Butta's complaint asserting one of its affirmative defenses by arguing the plain language of the Household Exclusion bars his claim and the Pennsylvania Supreme Court's recent decision *Gallagher v. GEICO*[24] "does not apply retroactively to [GEICO's] denial of [Mr. Butta's] claim in August 2017."[25] We denied GEICO's motion, finding "[t]he Pennsylvania Supreme Court in *Gallagher* did not announce a new rule of Pennsylvania law because it did not express a fundamental break from precedent or modify a previous opinion of the Pennsylvania Supreme Court."[26] We alternatively found "even assuming *Gallagher* established a new rule, we would not be able to properly exercise our judicial discretion to determine whether *Gallagher* should apply retroactively without discovery."[27]

### D. Mr. Butta withdrew his cross motion for partial summary judgment and motion for class certification after oral argument.

Mr. Butta cross moved for summary judgment on his declaratory judgment claim[28] and moved for class certification under Rule 23(b)(2).[29] Upon questioning at Oral Argument, Mr. Butta's counsel asked for a week to consider withdrawing these motions without prejudice.[30] On

4

September 6, 2019, Mr. Butta withdrew his motions for partial summary judgment and class certification on his declaratory judgment claim. We denied Mr. Butta's motions as withdrawn without prejudice.

## II.    Analysis

GEICO now moves for partial summary judgment on Mr. Butta's claim for declaratory relief, but not his breach of contract claim.[31]

### A.    Mr. Butta is not entitled to a separate declaratory judgment as to the validity of GEICO's affirmative defense on the validity of the household exclusion.

Mr. Butta asks we declare he "is entitled to recover stacked underinsured motorist coverage under the Personal Auto Policy issued by [GEICO], to Francis R. Butta and Yvonne A. Butta in connection with the injuries sustained by [Mr. Butta] in the July 20, 2017 motor vehicle accident."[32] GEICO challenges Mr. Butta's claim for declaratory relief on three related grounds: (1) Mr. Butta "is not seeking prospective relief, as would be appropriate and necessary for a claim of this nature"; (2) Mr. Butta "cannot pursue his declaratory relief claim because it is entirely duplicative of his breach of contract claim"; and (3) Mr. Butta's "declaratory relief claim improperly asks the Court to determine whether GEICO is liable to [Mr. Butta]."[33]

#### 1.    To the extent Mr. Butta seeks a declaration he is "entitled to recover" under his parents' policy, the claim for declaratory judgment is duplicative of the breach of contract claim.

Congress, through the Declaratory Judgment Act, provides "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[34] Our Court of Appeals requires declaratory judgments "have utility"[35] and "be of significant practical help in ending the controversy."[36] While Rule 57 of the Federal Rules of Civil Procedure states "[t]he

5

existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate,"[37] our Court of Appeals urges courts to exercise their discretion to decline proceeding with declaratory judgments when they duplicate other claims.[38] In *State Auto Insurance Company v. Summy*, our Court of Appeals explained, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation."[39] Though the court addressed duplicative claims in parallel state and federal court proceedings, courts in this district interpret *Summy* to bar duplicative claims in federal court.[40]

Mr. Butta's declaratory and breach of contract claims are nearly identical. In Count I, Mr. Butta seeks a declaration he "is entitled to recover stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty Company, to Francis R. Butta and Yvonne A. Butta in connection with the injuries [he] sustained [] in the [Accident]."[41] In Count II, Mr. Butta seeks "to recover stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty Company, to Francis R. Butta and Yvonne A. Butta."[42]

Mr. Butta's attempts to rebrand his claim for declaratory relief to alleviate this redundancy by arguing his request for declaratory relief "is simply another way of stating [ ] he is entitled to a declaration [ ] the household exclusion does not bar his claim."[43] This characterization translates into seeking declaratory judgment on GEICO's affirmative defense.[44] But holding Mr. Butta is entitled to recover stacked underinsured motorist coverage under his parents' policy would necessarily decide liability issues to be resolved at trial. Issues such as negligence and causation would be moot if we declared Mr. Butta is entitled to recovery,[45] but declaring the household vehicle exclusion invalid would not preclude issues better left for trial.

Even if Mr. Butta amended his complaint to meet his characterizations in briefing, he offers no relevant authority supporting his argument declaratory relief is acceptable when this relief is duplicative of a claim for damages. Mr. Butta relies on *Rarick v. Federated Service Insurance Company* to conclude: "declaratory and compensatory claims seeking recovery of underinsured motorist benefits are independent and separate."[46] This conclusion is misapplied in the context of a motion for summary judgment on declaratory relief. Our Court of Appeals in *Rarick* addressed when a district court can properly decline jurisdiction on a motion to remand, holding courts should decide whether the legal claims are independent of the declaratory claims when evaluating whether to remand the case to state court.[47] Concerned with the possibility plaintiffs may creatively plead declaratory relief to avoid federal subject matter jurisdiction, our Court of appeals in *Rarick* instead implemented an "independent claim test," mandating district courts to evaluate whether the complaint's legal claims are independent of the declaratory claims.[48] Our Court of Appeals did not hold "declaratory and compensatory claims seeking recovery of underinsured motorist benefits are independent and separate," as Mr. Butta posits in his briefs,[49] but instead held the specific facts applied under the independent claim test warranted federal jurisdiction over the claims.[50] This standard is inapplicable to Mr. Butta's case, where claims for declaratory judgment and breach of contract arise under one cause of action in federal court. The similarity of his claim to GEICO's affirmative defense is apparent as well to Mr. Butta. Mr. Butta's counsel admitted the claim for declaratory relief is the "same issue" as asking us to strike GEICO's affirmative defense before trial.[51] Regardless of jurisdictional language applied in the "independent and separate" analysis, Mr. Butta conceded his claims are duplicative.

Courts generally decline granting declaratory relief when the claim for declaratory judgment is entirely duplicative of another claim in the cause of action. Judges in our district decline to issue a declaratory judgment when the claim for breach of contract would necessarily involve adjudication of the issues implicated in the claim for declaratory relief. In *In re Lincoln National COI Litigation*, a class of life insurance policyholders challenged a Cost of Insurance (COI) rate increase, alleging breach of contract and declaratory relief, among other claims.[52] The plaintiffs argued the declaratory relief would declare the factors the insurer could consider when increasing COI rates, thus providing proper interpretation of the policies separate from the breach of contract claim.[53] In granting defendants' motion to dismiss, Judge Pappert held the claims duplicative because "adjudication of the latter will necessarily require resolution of the former."[54]

In *SmithKline Beecham Corp. v. Continental Insurance Co.*, an insured seeking indemnity from its insurer for costs of a personal injury lawsuit could not show the independence of the claims for breach of contract and declaratory relief.[55] Judge Baylson considered whether declaratory relief would decide the exact same issues as the breach of contract claim: "Deciding these claims requires resolution of the same issues - whether or not there existed a duty for [the defendant] to defend and indemnify [the plaintiff] - and will ultimately result in the same relief."[56] Because the same relief would be granted without declaratory judgment, Judge Baylson found the plaintiff would suffer no prejudice from dismissing the claims for declaratory relief.[57]

Judge Kelly in *Nova Financial Holdings Inc. v. Bancinsure, Inc.* similarly dismissed plaintiffs' redundant claim for declaratory relief to define defendant's obligations under the insurance agreement.[58] Judge Kelly found its dismissal would not prejudice the plaintiffs, as they

8

could still obtain full relief on their breach of contract claim. Dismissing the duplicative claim also "conform[ed] to the concerns of judicial economy."[59]

These holdings are consistent with the holding from other district courts in our circuit refusing to provide declaratory relief duplicative of other claims. In *Mladenov v. Wegmans Food Markets, Inc.*, Judge Irenas in the District of New Jersey dismissed plaintiffs' claim seeking a declaration certain grocery stores engaged in false advertising as redundant of plaintiffs' breach of express warranty and New Jersey Consumer Fraud Act (CFA) claims.[60] In the same district, Judge Wolfson in *Maniscalco v. Brother International Corporation (USA)* dismissed plaintiffs' declaratory judgment claim as duplicative of their allegations under the CFA.[61] Judge Wolfson reasoned, "[i]f there is a finding in favor of Plaintiffs on their CFA claims, then an actual judgment, rather than a mere declaration, would be entered stating that [the defendant's] actions have violated the CFA and further that Plaintiffs, including class members, are entitled to relief."[62] In *Winslow v. Progressive Specialty Insurance Company, Inc.*, Judge Rambo in the Middle District of Pennsylvania considered a plaintiff's breach of contract and declaratory judgment claims against his insurance company.[63] Citing concerns about redundant litigation, Judge Rambo dismissed the plaintiff's declaratory judgment claim.[64] In *Morris v. American National Insurance Corporation*, Judge Brann dismissed a declaratory judgment claim based on termination of a life insurance policy as "redundant in light of the breach of contract claim."[65]

Mr. Butta distinguishes his facts from those of several cases cited by GEICO: "As with all of the other cases cited by [GEICO], the allegations contained in the declaratory judgment action were identical to those of the compensatory action. This is not the situation in the case at bar."[66] We disagree. Mr. Butta's claims for declaratory relief and breach of contract are nearly identical.[67] In oral argument, Mr. Butta's counsel admitted the claims addressed "the same

9

issue," which is "the heart of the case."[68] We are not persuaded by Mr. Butta's attempt to distinguish the facts of his case from this extensive precedent in our circuit.

Because the question of whether Mr. Butta may "recover stacked underinsured motorist coverage under the Personal Auto Policy issued by the defendant, GEICO Casualty Company, to Francis R. Butta and Yvonne A. Butta"[69] will necessarily decide the question raised in the declaratory judgment claim, Mr. Butta will not face prejudice by our decision today. As Judge Kelly noted in *Nova Financial Holdings*, "[p]laintiffs will not suffer prejudice from this ruling since they can still attain full relief from their breach of contract claim."*[70]*

### 2. To the extent Mr. Butta asks we declare he is "entitled to recover" under his parents' policy, his claim improperly requests adjudication of liability issues to be resolved at trial.

Our Court of Appeals directs "[d]eclaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct. Declaratory judgments are not meant simply to proclaim that one party is liable to another."[71]

Despite this focus on future conduct, Mr. Butta now asks we declare he "is entitled to recover stacked underinsured motorist coverage" under his parents' GEICO policy. Mr. Butta does not demonstrate how a declaratory judgment would clarify the parties' rights and obligations left unresolved through the breach of contract claim. No party moved for summary judgment on Mr. Butta's breach of contract claim scheduled for trial later this Fall. Mr. Butta will have a full opportunity to seek damages for GEICO's alleged breach of insurance policy including litigating the Household Exclusion's effect upon his damages claim.

Mr. Butta frames his requested declaratory judgment as necessary to confirm he "is *eligible to seek* benefits," because only then may he "proceed to seek to adjudicate the compensatory claim for breach of contract."[72] In other words, Mr. Butta asks us to declare he is

10

eligible to do something he is doing in this very case, and something he will do at trial in a matter of months: present evidence on his breach of contract claim. It appears Mr. Butta seeks to use the declaratory judgment as a vehicle to anticipatorily attack one of GEICO's affirmative defenses: the Household Exclusion in Mr. Butta's parents' policy is valid even post-*Gallagher*.[73] The merits of such an argument are not before us today, as no party moved for summary judgment on Mr. Butta's breach of contract claim. This is more reason not to transform the declaratory judgment into an omnibus pretrial motion, in which litigants parse and attack each other's potential claims in the same case.

Our Supreme Court in *Calderon v. Ashman* cautioned against allowing litigants to use a declaratory judgment solely "to gain a litigation advantage by obtaining an advance ruling on an affirmative defense." In *Calderon*, a California state inmate sentenced to death sued a variety of California officials seeking "declaratory and injunctive relief to resolve uncertainty over" the application of Chapter 154 of the Antiterrorism and Effective Death Penalty Act,[74] which "provides certain procedural advantages to qualifying States in federal habeas proceedings," including "an expedited review process in proceedings brought against qualifying States."[75] The inmate sought to represent a class of "all capital prisoners in California whose convictions were affirmed on direct appeal after June 6, 1989."[76] Although the inmate had not yet filed a habeas petition, the district court issued a declaratory judgment and enjoined the defendants from "trying or seeking to obtain for the State of California the benefits of the provisions of Chapter 154 ... in any state or federal proceedings involving any class member."[77] The United States Court of Appeals for the Ninth Circuit affirmed.

11

The Supreme Court reversed, finding "this action for a declaratory judgment and injunctive relief is not a justiciable case within the meaning of Article III."[78] The Court explained:

> [the inmate] here seeks a declaratory judgment as to the validity of a defense the State may, or may not, raise in a habeas proceeding. Such a suit does not merely allow the resolution of a "case or controversy" in an alternative format . . . *but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense*[.] The "case or controversy" actually at stake is the class members' claims in their individual habeas proceedings. *Any judgment in this action thus would not resolve the entire case or controversy as to any one of them, but would merely determine a collateral legal issue governing certain aspects of their pending or future suits.*[79]

Mr. Butta's claimed declaratory relief also "attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense" by attacking GEICO's defense the household vehicle exclusion is valid post-*Gallagher*. The question of the household exclusion's validity in Francis and Yvonne Butta's Personal Auto Policy is not currently before us. We could see how *Gallagher* could be read to apply to Mr. Butta's breach of contract claims. But granting summary judgment on his declaratory judgment claim would "merely determine a collateral legal issue governing certain aspects of [his] pending . . . suit[]."[80] It is improper to resolve this liability issue through declaratory relief.

## III. Conclusion

Mr. Butta asks we declare he is eligible to proceed on his breach of contract claim and thus impermissibly decide liability issues on his damages claim set for trial. His declaratory judgment claim is duplicative of Mr. Butta's breach of contract claim and granting declaratory relief provides no additional relief. We grant GEICO's Motion for partial summary judgment dismissing the declaratory judgment claim in an accompanying Order.

12

[1] ECF Doc. No. 50 at 3 ¶ 12.

[2] *Id.* at 4 ¶¶ 13–14.

[3] *See Gallagher v. GEICO Indemnity Company*, 201 A.3d 131, 133 (Pa. 2019).

[4] ECF Doc. No. 40-5 at 61 (60A).

[5] ECF Doc. No. 50 at 2 ¶ 7.

[6] *Id.* at 4 ¶ 9.

[7] *Id.* at 5 ¶ 17.

[8] *Id.*

[9] *Id.* at 5 ¶ 19.

[10] *Id.* at 5 ¶ 20.

[11] *Id.* at 1 ¶ 3, 5 ¶ 21.

[12] "Stacking" is "the practice of combining the insurance coverage of individual vehicles to increase the amount of total coverage available to an insured." *Gallagher v. GEICO Indem. Co.*, 201 A.3d 131, 132 (Pa. 2019). "[Uninsured motorist] coverage applies when an insured suffers injury or damage caused by a third-party tortfeasor who is uninsured, whereas [underinsured motorist] coverage is triggered when a third-party tortfeasor injures or damages an insured and the tortfeasor lacks sufficient insurance coverage to compensate the insured in full." *Id.*

Judge Beetlestone illustrated the concept of stacking in *Stockdale v. Allstate Fire & Casualty Insurance Company*:

> [I]magine an insured with two insurance policies. The first covered her family's two automobiles and provided $ 10,000 in underinsured motorist coverage per vehicle. The second covered the insured's motorcycle and provided $ 5,000 in underinsured motorist coverage for her bike. If the insured elected to "stack" her coverage, then she could recover a total of $ 25,000 in underinsured motorist coverage for an accident involving any of the vehicles—$ 20,000 in coverage from the first policy (intra-policy stacking) plus the $ 5,000 from the second (inter-policy stacking). *Stockdale*, No. 19-845, 2019 WL 2516049, at *1 n.2 (E.D. Pa. June 17, 2019).

Judge Beetlestone's illustration highlights the two types of stacking an insured may use to increase the amount of available coverage: inter-policy stacking and intra-policy stacking. "Inter-policy stacking" occurs when an insured "aggregate[s] coverage under one policy issued by a carrier with one or more other policies issued by that carrier." *Donovan v. State Farm*

*Mutual Automobile Insurance Company*, No. 17-3940, 2019 WL 2715635, at *1 (E.D. Pa. June 28, 2019). It occurs "across policies." *Stockdale*, 2019 WL 2516049 at *1 (E.D. Pa. June 17, 2019). "Intra-policy stacking" occurs when an individual "combine[s] the insurance coverage of individual vehicles within their policy." *Id.*

[13] ECF Doc. No. 50, ¶ 22.

[14] *Id.* at ¶ 27.

[15] ECF Doc. No. 1, ¶ 1; *id.* at 7.

[16] ECF Doc. No. 1 at 3–4. Mr. Butta's state court complaint (as now removed here) remains the operative complaint.

[17] *Id.* at ¶ 97.

[18] *Id.* at ¶¶ 60–61.

[19] *Id.* at ¶ 95.

[20] *Id.* at ¶ 114(a).

[21] *Id.* at ¶ 114(b).

[22] *Id.* at ¶ 130.

[23] ECF Doc. No. 22 at 34-39.

[24] *Gallagher*, 201 A.3d 131.

[25] ECF Doc. No. 7-1 at 12.

[26] *Butta v. GEICO Casualty Company*, 383 F. Supp. 3d 426, 436 (E.D. Pa. 2019) (internal quotation marks omitted).

[27] *Id.* at 441.

[28] ECF Doc. No. 40.

[29] ECF Doc. No. 55.

[30] N.T. Oral Argument, Aug. 29, 2019, at 72.

[31] *See* ECF Doc. No. 40 (Mr. Butta's Motion for Partial Summary Judgment); ECF Doc. No. 41 (Geico's Motion for Partial Summary Judgment). Summary judgment is proper when "the

movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party.'" *Pearson v. Prison Health Services*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011)). On a motion for summary judgment, "we view the facts and draw all reasonable inferences in the light most favorable to the nonmovant." *Pearson*, 850 F.3d at 533-34 (3d Cir. 2017) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)). "The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hospital of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their case for which they have the burden of proof." *Willis*, 808 F.3d at 643 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Willis*, 808 F.3d at 643 (citing *Celotex Corp.*, 477 U.S. at 322-323).

[32] ECF Doc. No. 1 at 28 ¶ 114(a).

[33] ECF Doc. No. 41-1 at 3–4.

[34] 28 U.S.C.A. § 2201(a).

[35] *Travelers Insurance Co. v. Obusek*, 72 F.3d 1148, 1155 (3d Cir. 1995).

[36] *Step-Saver Data Sys. v. Wyse Tech.*, 912 F.2d 643, 650 (3d Cir. 1990).

[37] Fed. R. Civ. P. 57.

[38] *State Auto Insurance Company v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000).

[39] *Id.* at 135.

[40] *Landau v. Viridian Energy Pa LLC*, 223 F.Supp. 3d 401, 421 (E.D. Pa. 2016); *Nova Financial Holdings Inc. v. Bancinsure, Inc.*, No. 11-7840, 2012 WL 1322932, at *4 (E.D. Pa. Apr. 17, 2012); *SmithKline Beecham Corp. v. Continental Insurance Company*, No. 04-2252, 2004 WL 1773713, at *1 (E.D. Pa. Aug. 4, 2004).

[41] ECF Doc. No. 1 at 19 ¶ 107, 20 ¶ WHEREFORE Clause (a)).

[42] *Id.* at 24 ¶ 142.

[43] ECF Doc. No. 53 at 2.

[44] ECF Doc. No. 22 at 38.

[45] At oral argument, GEICO's counsel explained, "Are we talking about can he recover because he is negligent? Can he recover because his damages are not in range? All those defenses are still something we would have..." N.T. Oral Argument, Aug. 29, 2019, at 27.

[46] ECF Doc. No. 49-1 at 5.

[47] *Rarick v. Federated Service Insurance Company*, 852 F.3d 223, 229 (3d Cir. 2017).

[48] *Id.*

[49] ECF Doc. No. 49 at 5.

[50] *Rarick*, 852 F.3d 223, 229.

[51] N.T. Oral Argument, Aug. 29, 2019, at 46-47.

[52] *In re Lincoln National COI Litigation*, 269 F. Supp. 3d 622, 627 (E.D. Pa. 2017).

[53] *Id.* at 639-40.

[54] *Id.* at 640.

[55] *SmithKline Beecham Corp.*, 2004 WL 1773713, at *1.

[56] *Id.* at *2.

[57] *Id.*

[58] *Nova Financial Holdings, Inc.*, 2012 WL 1322932, at *4.

[59] *Id.*

[60] *Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 379 (D.N.J. 2015).

[61] *Maniscalco v. Brother International Corporation (USA)*, 627 F. Supp. 2d 494, 504-05 (D.N.J. 2009).

[62] *Id.* at 505.

[63] *Winslow v. Progressive Specialty Insurance Company*, No. 18-1094, 2018 WL 6527323, at *7 (M.D. Pa. Dec. 12, 2018).

[64] *Id.*

[65] *Morris v. American National Insurance Corporation*, No. 13-2236, 2015 WL 4092393, at *3 (M.D. Pa. July 7, 2015).

[66] ECF Doc. No. 49-1 at 7.

[67] ECF Doc. No. 1 at 19 ¶ 107, 24 ¶ 142.

[68] N.T. Oral Argument, Aug. 29, 2019, at 46-47.

[69] *Id.* at 24 ¶ 142.

[70] *Nova Financial Holdings, Inc.*, 2012 WL 1322932, at *4.

[71] *Andela v. Admininstrative Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014).

[72] ECF Doc. No. 49-1 at 3.

[73] ECF Doc. No. 22 at 38 ¶ Thirty-First Defense.

[74] *Calderon v. Ashmus*, 523 U.S. 740, 743 (1998).

[75] *Id.* at 742.

[76] *Id.* at 743.

[77] *Id.* (citation and internal quotation marks omitted).

[78] *Id.* at 749.

[79] *Id.* at 747 (emphasis added).

[80] *Id.*