IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS J. BUTTA | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-675 |
| | : | |
| GEICO CASUALTY COMPANY | : | |

## ORDER

**AND NOW**, this 13th day of September 2019, upon considering Plaintiff's Motion to amend (ECF Doc. No. 71) our April 17, 2019 Order (ECF Doc. No. 17) solely for leave to file a second Motion for class certification, Defendant's Opposition (ECF Doc. No. 72), and for good cause consistent with our obligation to resolve matters on the merits, it is **ORDERED** Plaintiff's Motion to amend (ECF Doc. No. 71) is **GRANTED in part** and we **amend** our April 17, 2019 Order (ECF Doc. No. 17) only:

1. Plaintiff may move for class certification under Rule 23(b)(3) and 23(c)(4) no later than **September 19, 2019** with response filed no later than **October 3, 2019**; and,

2. If the case is not certified after Phase 1 but proceeds beyond summary judgment on Plaintiff's claims, we will set a scheduling conference to address pre-trial steps necessary to try a three-day jury trial beginning **January 13, 2020** in Courtroom 6B.[1]

*[signature]*
**KEARNEY, J.**

---

[1] After presumably studying the possibility of certifying a Rule 23(b)(3) class before moving for class certification, Plaintiff appears to have changed his theories based, in part, on our discussion at the August 29, 2019 oral argument. Plaintiff then withdrew his request to certify a class under Rule 23(b)(2). Plaintiff has had more than enough time to study and prepare a motion to certify, if he wishes to do so, under Rule 23(b)(3). We are also mindful of the Defendant's ability to

address the individual claims should we not certify a class. We must, in fairness to the parties' abilities to address certification, allow a brief continuance of Mr. Butta's trial should the case not be certified. No other prospective obligations under our April 17, 2019 Order (ECF Doc. No. 17) are affected.