## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FRANCIS J. BUTTA**, individually and on behalf of a class of similarly situated persons,

        Plaintiff,

    Case No.: 2:19-cv-00675-MAK

v.

**GEICO CASUALTY COMPANY**,

        Defendant.

## <u>MEMORANDUM OF LAW</u>

### <u>FACTS</u>

The present action seeks recovery of underinsured motorist benefits in connection with injuries sustained in a July 20, 2017 motor vehicle accident. On that date the plaintiff, Francis J. Butta, was operating his motorcycle when struck by an auto operated by June E. Rosengrant. The plaintiff, Francis J. Butta, contends that the accident was caused by the negligence and carelessness of June E. Rosengrant. The plaintiff, Francis J. Butta, sustained personal injuries in the accident. Tort and underinsured motorist claims were pursued.

The UIM claim under the Motorcycle Policy was resolved by payment of the $15,000.00 limit by GEICO Indemnity. Thereafter, NJM tendered and paid $275,000.00 to Francis J. Butta for release of all claims against June E. Rosengrant. Francis J. Butta then made claim upon GEICO Casualty for recovery of excess underinsured motorist benefits under the Personal Auto Policy issued to his parents. That claim was denied by GEICO Casualty on the basis of the household exclusion in the Personal Auto Policy. The Supreme Court of Pennsylvania in <u>Gallagher v. GEICO</u>, 201 A.3d 121 (Pa. 2019), held that household exclusions in auto policies

1

in Pennsylvania are void and unenforceable as violative of the MVFRL.  GEICO contends that
Gallagher is factually distinguishable and not applicable.  These contentions are meritless.
Accordingly, Francis J. Butta now seeks partial summary judgment with respect to the invalidity
and unenforceability of the household exclusion.

GEICO Casualty also contends that the timing of the issuance of the policies in this case
renders Gallagher inapplicable.  This contention, too, is spurious.  Without any basis in the
record, GEICO Casualty asserts that a different premium structure would have been assigned to
the Auto Policy had GEICO Casualty known of the motorcycle in the household when it issued
the Auto Policy.  This is simply not the case.  Such an argument assigns to the underwriting
process a sophistication that does not exist.  Frankly, the argument raises the issue of compliance
with the obligation of candor to the tribunal.  The household exclusion is not a bar to the claim
for recovery of underinsured motorist benefits.  Partial Summary Judgment is requested.

**ARGUMENT**

    **(a)**    **Overview**

The issue in this Motion is the applicability of the Gallagher v. GEICO decision to the
claims of Francis J. Butta.  In this regard, Francis J. Butta maintains the position that Gallagher is
applicable and controlling.  GEICO Casualty contends that Gallagher is factually distinguishable,
i.e. in Gallagher the named insured under both the Personal Auto Policy and Motorcycle Policy
were the same whereas the policies in question were issued to different named insureds.[1]  Any
such contentions are meritless.   The identity of the named insurer under the Motorcycle Policy is
irrelevant.  In Gallagher the Supreme Court premised its decision on the fact that the Automobile

---

[1]   As in the case at bar, in Gallagher the two household policies were issued by different GEICO Companies.  The
Personal Auto Policy in Gallagher was issued by the GEICO General Insurance; the Motorcycle Policy was issued
by the GEICO Indemnity Company.

Policy provided stacked coverage.  The focus is on the policy under which claim is being made, not other household policies.  The Motorcycle Policy, who issued it, what elections were made under it, who the named insured is, etc. are all irrelevant and of no consequence.  See Donovan v. State Farm, 392 F. Supp. 3d 545 (E.D. Pa. 2019).

GEICO Casualty also contends that the premium structure of the Personal Auto Policy makes application of Gallagher unfair and prejudicial.  Any such arguments, too, fail.  Francis J. Butta and Yvonne A. Butta paid an additional premium for stacked coverage.  See Appendix, Exhibit "D", Bates 105A through 106A.  The household exclusion renders inter-policy stacking illusory.  GEICO reaped a windfall by inserting household exclusions in policies in Pennsylvania.  Therefore, the plaintiff, Francis J. Butta, requests partial summary judgment declaring that the household exclusion is void and unenforceable and thus not available as a defense to underinsured motorist claims of Francis J. Butta.[2]

### (b)     Methodology

In reviewing claims under the MVFRL, a primary goal of the statute, remediation to motor vehicle accident victims, must be considered.  At one time, cost control was the overriding purpose of the MVFRL.  That goal is no longer the pre-eminent consideration in evaluating MVFRL issues.  Cost control, alone, can no longer be used to justify inequitable policy exclusions.  The goal of compensation for motor vehicle accident victims is of equal importance.

In Williams v. GEICO, 32 A.2d 1195 (Pa. 2011), the Supreme Court first began to distance itself from the repeated mantra of cost control.  Previously, policy limitations were routinely

---

[2]  In addition, GEICO had contended that the Gallagher decision was not to be applied retroactively.  In the present case, the Honorable Mark A. Kearney analyzed the retroactivity question and issued a cogent Opinion finding that Gallagher was, in fact, to be applied retroactively to the claims in the present case.  See also, Stockdale v. Allstate, 390 F. Supp. 3 603 (E.D. Pa. June 17, 2019); Rutt v. Donegal, 2019 WL 4570159 (Lancaster CCP, 2019).

enforced on the basis of the cost control rationale.  See <u>Eichelman v. Nationwide</u>, 711 A.2d 1006

(Pa. 2006).  In <u>Williams</u>, several Justices signaled a shift in the focus of the analysis to be employed

in assessing auto policy exclusions.  Justice (now Chief Justice) Saylor stated in a Concurring

Opinion:

> I would also once and for all abandon the rubric that cost containment was the
> overarching policy concern of the Motor Vehicle Financial Responsibility Law,
> since the act clearly retained the core remedial objectives of the prior regulatory
> scheme.

<u>Williams v. GEICO</u>, 32 A.2d at 1210 (Saylor, J. Concurring).  Justices Baer and Todd voiced

similar reservations concerning the use of cost containment to justify restrictive exclusionary

language.  See <u>Williams v. GEICO</u>, 32 A.2d at 1210-1211 (Baer, J. Concurring); <u>Williams v.</u>

<u>GEICO</u>, 32 A.2d at 1212 (Todd, J. Concurring).

Recently, in <u>Safe Auto v. Oriental-Guillermo</u>, 2019 WL 3933568 (Pa. 2019) Justice Todd

commented upon the Court's renewed interest in remediation as an important goal in evaluating

MVFRL claims.  In this regard, she stated:

> While we have repeatedly recognized the goal of cost containment, we have
> consistently observed that there is a balance to be struck between that goal and the
> remedial purpose of the MVFRL.

<u>Id</u>. at *7.  Compensation of motor vehicle accident victims is a goal of MVFRL which must be

considered in assessing the claims of Francis J. Butta in the present case.

    **(c)**      **<u>GEICO Casualty Personal Auto Policy</u>**

        **(1)**      **<u>Eligibility to Recover</u>**

The Insuring Agreement of the Underinsured Motorist Coverage Pennsylvania (Stacked

Limits) endorsement  of the Personal Auto Policy issued to Francis R. Butta and Yvonne A.

Butta provides, in pertinent part:

LOSSES WE PAY

> Under this coverage, we will pay damages for *bodily injury* caused by an accident which the *insured* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* arising out of the ownership, maintenance or use of that vehicle.

See Appendix, Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage, Pennsylvania (Stacked Limits), p. 1, Bates 56A.   Under the Personal Auto Policy *insured* is defined as "You" and a "household member."  See Appendix, Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage Pennsylvania (Stacked Limits), p. 1, Bates 56A. Francis J. Butta is a member of the household of Francis R. Butta and Yvonne A. Butta; therefore, the plaintiff, Francis J. Butta, is an insured for purposes of recovery of underinsured motorist benefits under the Personal Auto Policy issued by the defendant, GEICO Casualty.   See Appendix, Exhibits "C" and "D", Bates 102A through 106A.   As a result, Francis J. Butta is entitled to partial summary judgment in his favor.  The household exclusion does not bar his claims.

      **(2)**      <u>**Amount of Recovery**</u>

The Personal Auto Policy issued by GEICO Casualty provided stacked underinsured motorist coverage.  Stacking of underinsured motorist coverage includes both intra-policy stacking and inter-policy stacking.   Intra-policy stacking is the cumulation of multiple coverages under a single policy; inter-policy stacking is the cumulation of multiple coverages under multiple policies in a household.    Francis R. Butta and Yvonne A. Butta, the named insureds, selected and paid for stacked underinsured motorist coverage under the Personal Auto Policy. They paid an additional premium to recover: (a) underinsured motorist benefits for each of the vehicles insured under the Personal Auto Policy (intra-policy stacking); and (b) underinsured motorist benefits under the multiple policies in the household (inter-policy stacking).   See Appendix, Exhibit "D", Bates 105A.  In this regard, the Personal Auto Policy provides, in

pertinent part:

LIMIT OF LIABILITY

1.  For *you* or a *household member*, the most we will pay for all damages including those
    for care or loss of services due to *bodily injury* to one person in any one accident is the
    sum of the "each person" limits for Underinsured Motorist Coverage shown in the
    Declarations applicable to each vehicle.

See Appendix, Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage

Pennsylvania (Stacked Limits), p. 2, Bates 57A.   Francis J. Butta, as a member of the household

of Francis R. Butta and Yvonne A. Butta, is therefore entitled to assert a claim for stacked

underinsured motorist coverage under the Personal Auto Policy issued to his parents.   The

household exclusion does not bar those claims.

**(d)     Disclaimer of Coverage**

In this matter, the defendant, GEICO Casualty, has denied the individual claims of the

plaintiff, Francis J. Butta, for recovery of underinsured motorist benefits under the Personal Auto

Policy by reason of the household exclusion.   This exclusion provides:

EXCLUSIONS

When This Coverage Does Not Apply

2.  This coverage does not apply to *bodily injury* while *occupying* or from being struck
    by a vehicle owned or leased by *you* or a *relative* that is not insured for Underinsured
    Motorist Coverage under this policy.

See Appendix, Exhibit "A",  Automobile Policy Amendment, Underinsured Motorist Coverage,

Pennsylvania (Stacked Limits), p. 2, Bates 57A.   By letter dated August 18, 2017, Caroline

Kearns of the Claims Department of the defendant, GEICO Casualty, issued a formal denial and

disclaimer, specifically citing the household exclusion.   See Appendix, Exhibit "A", Bates 60A

and 61A.  As noted, this exclusion has been found to be invalid and unenforceable by the

Supreme Court in Gallagher.  As such, Francis J. Butta now seeks a declaration that the

household exclusion is invalid and unenforceable.   It is not available as a defense to his underinsured motorist claims.

### (e)   Gallagher Decision

In Gallagher, the Supreme Court found that household exclusions in automobile policies in Pennsylvania are invalid and unenforceable.   In so holding, Justice Baer stated:

> We hold that the household vehicle exclusion violates the MVFRL.

Gallagher v. GEICO Indemnity Co., supra. at 132.   The Supreme Court did not limit the holding to a situation where both the Personal Automobile Policy and the Motorcycle Policy had the same named insured.[3]   See Donovan v. State Farm, supra.   In Gallagher, the Supreme Court specifically held that the household exclusion was inconsistent with the unambiguous requirements of § 1738 of the MVFRL.   The Motorcycle Policy, the insurer issuing it, the identity of the named insured, etc. are all irrelevant.   See also Donovan v. State Farm, supra.

In deciding Gallagher, the Supreme Court looked at the policy under which claim is being made, in this case the GEICO Casualty Personal Auto Policy, and compared it to the MVFRL.   The focus of the analysis is upon the terms of the Policy which claim is being made. In his recent decision in Donovan v. State Farm, supra., Judge McHugh stated:

> Ultimately, however, the factual weakness in State Farm's position is that it seeks to avoid the infirmities of Linda Donovan's waiver [Auto Policy] by relying on Corey Donovan's waiver [Motorcycle Policy] of stacked benefits under his policy (references omitted) which is not relevant under Craley.

---

[3]  At the same time, the Supreme Court did not limit the holding to a situation where one insurer issued both the Personal Auto Policy and the Motorcycle Policy.   In fact, different GEICO companies issued the two household policies.  See note 1, supra.  In reaching its decision in Gallagher, the Supreme Court focused upon the Personal Auto Policy and its provisions.  The Motorcycle Policy, its coverages, the named insured, the identity of the company issuing it, etc., are all irrelevant to the analysis in Gallagher.

Id. at 551 (footnote omitted).  The household exclusion, as contained in the Auto Policy, was the

focus of the analysis.  The Court determined that the household exclusion was a de facto waiver

of stacked UIM coverage without the statutorily-required UIM coverage waiver.  In this regard,

the Supreme Court stated:

> This policy provision, buried in an amendment, is inconsistent with the unambiguous
> requirements Section 1738 of the MVFRL under the facts of this case insomuch as it acts
> as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL, despite the
> indisputable reality that Gallagher did not sign the statutorily-prescribed UIM coverage
> waiver form.

Gallagher v. GEICO, supra. at 138.  The Supreme Court went on to note that the plain language

of § 1738 mandates the decision.  Gallagher v. GEICO, supra. at 138, n. 7.  The household

exclusion was thus invalidated by the Court.

In invalidating household exclusions, the Supreme Court focused upon: (1) the policy

under which claim was being made, i.e. the Personal Auto Policy; and (2) the § 1738 stacking

provisions of the MVFRL.  Section 1738 of the statute codified, for the first time, stacking

concepts in Pennsylvania.  Prior to those 1990 amendments to the MVFRL, stacking concepts

were embodied in common law.  All auto policies provided stacked coverage.  Class One

insureds (named insureds and resident relatives) were entitled to stack.  Class Two insureds

(those deriving their claims by reason of occupancy of an insured vehicle) could not stack

coverages.  With the Act 6 amendments to the MVFRL in 1990, stacking could be waived.

Persons waiving stacking paid a lesser premium for coverage.  Those electing stacking paid a

higher premium for the benefit.  The factual predicate of the decision in Gallagher is the

existence of stacked coverage in the Personal Auto Policy.[4]  The household exclusion

---

[4]  Interestingly, in Donovan, Judge McHugh found that the waiver used by insurers in Pennsylvania does not waive
inter-policy stacking.  Under this rationale, Gallagher would also apply to multiple vehicle unstacked policies, not
just policies with stacked coverage.

surreptitiously takes away the stacking benefit for which the named insured has paid an additional premium.  Francis R. Butta and Yvonne A. Butta paid that additional premium under the Personal Auto Policy for stacked coverage.  See Appendix, Exhibit "D", Bates 105A.  This stacking benefit includes inter-policy stacking.  The household exclusion eliminated the benefit for which Francis R. Butta and Yvonne A. Butta paid an additional premium.  An understanding of stacking concepts is helpful in recognizing the applicability of the holding in Gallagher to the case at bar.

      **(f)**      **Stacking Concepts**

            **(1)**      **Generally**

Stacking is the cumulation of coverages to increase the potential pool of recovery.  Stacking may be either intra-policy or inter-policy.  Intra-policy stacking is the cumulation of multiple coverages under a single policy.  Inter-policy stacking is the cumulation of multiple coverages under multiple policies.  Originally, stacking concepts were developed in common law.  All motor vehicle policies provided stacked coverage.  The persons eligible to stack coverages were, however, restricted.  Class One insureds (the named insured and resident relatives) were permitted to stack. Class Two insureds (those deriving their claim by reason of their occupancy of an insured vehicle) were barred from stacking.  In 1990, with the enactment of the Act 6 Amendments to the MVFRL, stacking was codified.  The Class One/Class Two distinction, although not part of the statute, remained extant.

            **(2)**      **Statutory Provisions**

Section 1738 of the MVFRL, as enacted in 1990, sets forth the stacking requirements of the statute.  Act 6 mandated stacking; however stacking could be waived.  The statute created an "opt-out" system.  Unless specifically waived in accordance with the statutory mandate, stacking

is to be provided. See 75 Pa.C.S.A. §§ 1738(a),(b). The waiver of stacking must be effectuated by using statutorily prescribed forms. See 75 Pa.C.S.A. §§ 1738(d)(1),(2). Persons who reject stacking are charged a lesser premium. See 75 Pa.C.S.A. § 1738(c). Failure to produce a signed and dated form requires an insurer to provide stacked coverage. See 75 Pa.C.S.A. § 1738(e).

## (3)    **Interpretation of Statutory Requirements**

Application of the stacking requirements of the MVFRL has posed problems for the Pennsylvania Courts. Few decisions interpreting and applying stacking concepts have been issued by the Supreme Court of Pennsylvania. Those decisions that have addressed stacking sometimes have struggled with the concepts. Nonetheless, these Supreme Court decisions provide guidance for the rules to be applied to the issues presented by the case at bar.

Initially, the point of view utilized in applying stacking concepts needs to be recognized. Generally, the Courts (and insurers) look to the policy under which claim is being made, not to the person making the claim. See, e.g. Donovan v. State Farm, supra.; Craley v. State Farm, 894 A.2d 530 (Pa. 2006); Guglielmelli v. State Farm, 72 F. Supp. 3d 588, 595 (E.D. Pa. 2014).[5] Thus, unlike the limited tort election, a waiver of stacking does not follow the person. The waiver only affects the coverages provided by the policy under which waiver is made.[6] As such, a person who has elected stacking is nonetheless bound by the coverages provided by the policy under which claim is being made, not by any election made under his or her own policy. Thus, under

---

[5]  This is particularly important in the case at bar. The Gallagher decision is premised upon the fact that Brian Gallagher elected and paid for stacking under his Personal Auto Policy. The Motorcycle Policy, who issued it, the named insured, whether it provided stacking, etc. are all irrelevant to the holding, namely the deprivation of stacked coverage under the Personal Auto Policy for which an additional premium had been paid.

[6]  Frankly, it would make more sense, and would be more workable, if the Legislature and insurers chose to treat the waiver of stacking like the limited tort election i.e. the election follows the person. That, however, is not the case. Thus, what Francis J. Butta may have elected under his motorcycle policy, and even the identity of the insurer issuing that Motorcycle Policy, are irrelevant.

stacking concepts, the policy under which benefits are sought determines the amount of available coverage. In this case, only the elections and waivers made by Francis R. Butta and Yvonne A. Butta under their Personal Auto Policy are pertinent; Francis J. Butta's elections under the Motorcycle Policy -- or even the identity of the named insured under that policy -- are irrelevant.[7]

The manner in which insurers interpret the waiver of intra-policy stacking versus the waiver of inter-policy stacking is also of interest. The issue is essentially one of contract. It is not statutory. A waiver of intra-policy stacking is essentially a prohibition against all additional recovery. For instance, under an unstacked policy providing $100,000.00 in underinsured motorist coverage for three vehicles, a Class One insured may recover only $100,000.00, being barred from additional underinsured motorist recovery under the policy, i.e. waiver of intra-policy stacking. By the same token, the election of stacking allows the Class One insured to recover the total amount of all cumulated coverages. The stacking election for purposes of intra-policy stacking is implemented by the Limit of Liability section of the Underinsured Motorists Coverage endorsement which provides:

LIMIT OF LIABILITY

1. For *you* or a *household member*, the most we will pay for all damages including those for care or loss of services due to *bodily injury* to one person in any one accident is the sum of the "each person" limits for Underinsured Motorist Coverage shown in the Declarations applicable to each vehicle.

See Appendix, Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage Pennsylvania (Stacked Limits), p. 2, Bates 57A. Here, the GEICO Casualty policy provides

---

[7] By the same token, the identity of the insurer who issued the Motorcycle Policy is similarly irrelevant. The Supreme Court did not limit Gallagher to the situation where the same insurer issued both the Personal Auto Policy and the Motorcycle Policy. In fact, in Gallagher two separate GEICO Companies issued the two household policies. Instead, in Gallagher the focus is upon the Personal Auto Policy, alone.

stacked coverage. Thus, the coverages can be cumulated, as per the policy language.[8]

The waiver of inter-policy stacking, on the other hand, is viewed as a limitation on the amount of recovery, not as a complete bar to recovering additional UM or UIM benefits under other policies. For instance, where an injured individual has his own policy providing $50,000.00 in unstacked underinsured motorist coverage for one vehicle and lives with a relative who has a policy providing $100,000.00 in unstacked underinsured motorist coverage for three vehicles, that injured individual could recover the $50,000.00 limit under his own policy as well as an additional $50,000.00 under the policy of his resident relative. Under a stacked policy, he could recover $150,000.00. Therefore, a waiver of inter-policy stacking does not bar additional recovery, it merely limits the amount of benefits that can be recovered. The policy language implementing the waiver of inter-policy stacking permits recovery of the higher of the two applicable limits, namely, recovery of up to $100,000.00, with the insurers sharing the burden on a pro-rata basis.[9] Where stacked coverage has been elected, the limits under each policy are recoverable. The stacking election for purposes of inter-policy stacking is implemented by the Other Insurance language of the Underinsured Motorist Coverage endorsement. In this case, the GEICO Casualty policy provides stacked coverage and states:

> **OTHER INSURANCE**
>
> If there is other insurance applicable to the loss we have paid for, we are entitled to recover any remaining pro rata share of the benefits paid and the costs of processing the claim. Our pro rata share is the proportion our limit of liability bears to the total of all applicable limits.
> Any insurance we provide for a vehicle *you* do not own is excess over any other collectible insurance, self insurance, or bond for more than our pro-rata share of the total coverage available.

---

[8]   In the unstacked endorsement, recovery is limited to the coverage available for a single vehicle.

[9]   The waiver of stacking, which would include intra-policy stacking, prohibits the cumulation of the other two $100,000.00 coverages under that policy.

See Appendix, Exhibit "A", Automobile Policy Amendment, Underinsured Motorist Coverage Pennsylvania (Stacked Limits), p. 2, Bates 56A-57A.  This policy language in the Other Insurance clause implements the stacking choice of the named insured for purposes of inter-policy stacking. Here, the GEICO Casualty Personal Auto Policy provides stacked coverage.  Therefore, eligible claimants may stack coverage: (1) within a single policy; and (2) between policies.  These policy provisions implementing the intra-policy stacking election (Limit of Liability) and implementing the inter-policy stacking election (Other Insurance) are standard in the industry and are, in fact, included in the Insurance Services Office ("ISO") policy forms utilized by many insurers in Pennsylvania.[10]

It is against this backdrop that the Supreme Court of Pennsylvania has addressed stacking under the MVFRL.  The Craley case is the leading Supreme Court decision which addresses and analyzes intra-policy and inter-policy stacking concepts.  In that case, a question arose as to whether the Estate of Jayneann Craley could recover uninsured motorist benefits under the unstacked State Farm Policy issued to Randall Craley, her husband.  The Estate first  recovered uninsured motorist benefits under the State Farm Policy issued to Jayneann Craley, which insured the vehicle she was driving at the time of the fatal collision.  State Farm then filed a declaratory judgment action contending that Randall Craley's waiver of stacking barred recovery by the Estate under Randall's policy.[11]   In addressing this contention, the Supreme Court reviewed § 1738 of the MVFRL and its workings.

---

[10]  GEICO Casualty, like many larger insurers, e.g. State Farm, Nationwide, Allstate, write their own policies. Many insurers, however, use the Standard ISO forms.  The same concepts are included in both manuscript policies and ISO standard form policies.

[11]  State Farm also asserted, separately, that the household exclusion also was a bar to recovery.  The Court, however, addressed only the stacking issue.  See Craley v. State Farm, at 538 n. 12.

Initially, the Court held that both intra-policy stacking and inter-policy stacking may be waived. The Court then addressed the manner in which inter-policy stacking could be waived. In this regard, the Court stated:

> However, the conclusion that inter-policy stacking may be waived does not end our analysis. We must determine how it may be waived. *Subsection (d)*, which provides the necessary waiver form for multiple-vehicle policyholders, indicates that the legislature felt it necessary to require insurers to provide insureds with specific language in written form to ensure ample notice of the benefits to be waived. Moreover, the legislature imposed a significant sanction on an insurance company that deviates from the form, voiding any "rejection form that does not comply with this section." *75 Pa.C.S.A. § 1738(e)*. Given the form required by *subsection (d)*, the sanction provided in *subsection (e)*, and the imperative language granting stacking to all insureds in *subsection (a)*, it is readily apparent that some form of knowing waiver must occur before we allow enforcement of an inter-policy stacking waiver. As Chief Justice Cappy previously has commented, "It is evident that the General Assembly sought to ensure that policyholders would be given full information regarding availability of stacked coverage before deciding whether or not to reject it." *Rupert v. Liberty Mut. Ins. Co., 566 Pa. 387, 781 A.2d 132, 135 (Pa. 2001)*.

Craley v. State Farm, at 541 (footnote omitted). Any waiver of stacking must be knowing. The named insured's signature on the Rejection form is evidence of that knowing waiver.

These stacking concepts are the foundation of the holding in Gallagher. The factual predicate of Gallagher is the fact that the Auto Policy provided stacked coverage.[12] The household exclusion is a waiver of inter-policy stacking. However, Brian Gallagher never knowingly waived inter-policy stacking. The mandate of § 1738 forms the basis of the holding in Gallagher. In this case, additional premiums were paid to GEICO Casualty by Francis R. Butta and Yvonne A. Butta for stacking, both intra-policy and inter-policy. See Appendix, Exhibit "D", Bates 105A. Any waiver of stacking must be knowing, voluntary and memorialized by a signed Rejection. The household exclusion in the GEICO Casualty policy

---

[12] Interestingly, in applying the holding in Craley, Judge McHugh in Donovan v. State Farm concluded that the statutorily prescribed form did not waive inter-policy stacking in the multiple vehicle policy. Thus, Gallagher also applies to household exclusions in policies providing unstacked coverage for multiple vehicles.

14

takes away inter-policy stacking, with no notice to the insured, no signed Rejection, and no return of premium.  In the same situation, the Supreme Court invalidated the household exclusion in <u>Gallagher</u> as violative of the MVFRL.  That holding is applicable to the case at bar.

### (g)      Application of Gallagher[13]

#### (1)      Invalidation of Household Exclusion

In this matter, GEICO Casualty may assert that <u>Gallagher</u> is inapplicable since it is factually distinguishable, i.e. the named insured is not the same under the Personal Auto Policy and the Motorcycle Policy.  Any such contention, however, misses the point.  The holding in <u>Gallagher</u> is based upon the fact that the named insured under the Personal Auto Policy (regardless of who it is) paid an additional premium for stacked coverage.  That stacking benefit included the right of the named insured and resident relatives to stack coverage within a single policy (intra-policy) and between policies (inter-policy).  The fact that the named insured under the Motorcycle Policy is different than the named insured under the Personal Auto Policy is of no relevance – no more significant than the size and color of the motorcycle.  Any factual differences in this regard which GEICO Casualty may assert have no legal significance.  See <u>Smith v. Nationwide</u>, 392 F. Supp. 540 (E.D. Pa. 2019).

There is no doubt that Francis R. Butta and Yvonne A. Butta elected to have stacked underinsured motorist coverage under their GEICO Casualty Policy.  See Appendix, Exhibit "D", Bates 105A.  GEICO Casualty agreed to provide stacked coverage to Francis R. Butta, Yvonne A. Butta and their resident relatives.  GEICO Casualty charged an additional premium

---

[13]   In response to the initial filing of this Motion, GEICO Casualty claimed that the Motion was premature since discovery needed to be conducted.  That discovery, i.e. depositions of the Buttas, has been completed.  These depositions added nothing.   These depositions added nothing.  See Exhibits "E", "F" and "G".  Bates 107A to 321A.

for stacking, both intra and inter-policy stacking.[14]   By charging for stacking and then inserting a household exclusion in the policy, GEICO Casualty, and many other insurers, reaped a windfall by charging premiums for a coverage benefit that was never extended.  <u>Gallagher</u> applies; the fact that a different GEICO company insured the motorcycle under a policy with a different named insured is of no consequence.

In deciding <u>Gallagher</u>, the Court compared the policy language to the provisions of the MVFRL.  In this regard, the Court stated:

> To answer this question of law, we must examine the interplay between provisions of the MVFRL and the Automobile Policy.
>
> \*                         \*                         \*                         \*
>
> To the extent that this appeal involves the interpretation of the Automobile Policy, we must apply general principles of contract interpretation, as, at base, an insurance policy is nothing more than a contract between an insurer and an insured.  *401 Fourth St., Inc. v. Inv'rs Ins. Grp.*, 879 A.2d 166, 171 (Pa. 2005).  In so doing, we must "ascertain the intent of the parties as manifested by the terms used in the written insurance policy." *Id.*  Just as in statutory construction, "[w]hen the language of the policy is clear and unambiguous, a court is required to give effect to that language." *Id.*  Importantly, however, provisions of insurance contracts are invalid and unenforceable if they conflict with statutory mandates because contracts cannot alter existing laws. *Prudential Prop. & Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 751 (Pa. 2002).

<u>Gallagher v. GEICO,</u> 201 A.3d at 137.  Thus, in evaluating the claims of Brian Gallagher, the Supreme Court compared the terms and provisions of the Personal Auto Policy to the MVFRL. The terms and provisions of the Motorcycle Policy were of no consequence.   See <u>Donovan v. State Farm</u>, <u>supra</u>.  The same is true of the identity of the named insured under the Motorcycle Policy.  In <u>Gallagher</u>, the Supreme Court focused upon the Personal Auto Policy, i.e. the policy under which claim for stacked benefits was made.  The terms and provisions of the Motorcycle

---

[14]   The focus in the analysis of this claim is the Personal Auto Policy issued to Francis R. Butta and Yvonne A. Butta by GEICO Casualty rather than the Motorcycle Policy issued by GEICO Indemnity Company.  It is the Personal Auto Policy issued by GEICO Casualty to Francis R. Butta and Yvonne A. Butta which is at issue.  Francis R. Butta and Yvonne A. Butta paid an increased premium for stacking.  That is the focus of the inquiry.

Policy were irrelevant to the analysis.  Had the Motorcycle Policy in Gallagher been issued to a

different named insured in the household, the result in Gallagher would have been the same.

Gallagher applies to the facts of this case.   In this case, the household exclusion is invalid and

unenforceable.  The decision of the Supreme Court in Gallagher is applicable to the case at bar.

The decision in Gallagher is not limited to situations where the named insured is the same

on the Auto Policy and the Motorcycle Policy.  In fact, the Court in Gallagher has fashioned a

holding which applies, in the narrowest of interpretations of the decision, to UM and UIM claims

where: (1) the claim was made under a policy providing stacked coverage; and (2) the claim was

denied by reason of a household exclusion in the stacked policy.  That narrow interpretation is

exactly the situation in the case at bar.  A more expansive view of the decision can also be

employed, i.e. household exclusions are void under any circumstances.  In a recent decision from

the United States District Court for the Eastern District of Pennsylvania, Judge McHugh, when

faced with a similar situation in Donovan v. State Farm, supra., declined to limit the application

of Gallagher, stating:

> In reply, State Farm points out that the Plaintiff in Gallagher elected stacked
> coverage when the policy was issued, and argues that Gallagher should be limited
> to its facts.  As an initial matter, I note the Supreme Court explicitly abrogated
> two of the decisions upon which State Farm Relied to this point: Gov't Emps.
> Insurance Co. v. Ayers, 955 A.2d 1025 (Pa. Super 2008), aff'd 18 A.3d 1093 (Pa.
> 2011); Erie Ins. Exch v. Baker, 972 A.2d 507 (Pa. 2008) (plurality).  As a federal
> judge sitting in diversity, the sweeping nature of Gallagher makes me hesitant to
> begin a process of limiting its reach.

Id. at 552.  Similarly, in Smith v. Nationwide, supra., Judge Baylson refused to limit Gallagher to

its specific facts.  In addition, Judge Brown of the Court of Common Pleas of Lancaster County

in Rutt v. Donegal, 2019 WL 4570159 (Lancaster County CCP 2019) similarly refused to adopt

arguments similar to those espoused by GEICO Casualty, stating:

17

Here, Donegal argues that Gallagher is distinguishable from this case, as the two policies at issue in Gallagher were both issued by the same insurance provider; whereas here, Mr. Rutt's motorcycle was insured under the Agency Policy, and the cars were insured under the Donegal Policy. However, the court in Gallagher specified that all household vehicle exclusions are in violation of the MVFRL, rather than limiting its holding to cases wherein both policies were issued by the same insurance provider.

Id. at *4.   Gallagher is not limited as GEICO Casualty contends.  In Gallagher, the Supreme Court specifically held that the household exclusion was inconsistent with the unambiguous requirements of § 1738 of the MVFRL.  The Gallagher decision is applicable to the present action.

The focus of the Gallagher decision is the policy under which claim is being made.  As the Court stated in Donovan, relying upon the Supreme Court decision in Craley v. State Farm, 894 A.2d 530 (Pa. 2006), the Motorcycle Auto Policy "is not relevant."  See also Gugleilmelli v. State Farm, 72 F. Supp. 3d 588 (E.D. Pa. 2014).  The Supreme Court in Gallagher correctly only looked at the policy under which claim was being made, i.e. the GEICO Automobile Policy and compared it to the MVFRL.  The Motorcycle Policy of Brian Gallagher was not relevant to the issue at hand.  In reaching its decision in Gallagher, the Court determined that the household exclusion in the Automobile policy was a de facto waiver of stacked UIM coverage without the statutorily-required UIM coverage waiver.  In this regard, the Supreme Court stated:

> This policy provision, buried in an amendment, is inconsistent with the unambiguous requirements Section 1738 of the MVFRL under the facts of this case insomuch as it acts as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL, despite the indisputable reality that Gallagher did not sign the statutorily-prescribed UIM coverage waiver form.

Gallagher v. GEICO Indemnity Co., supra. at 138.   The Supreme Court went on to note that the plain language of § 1738 mandates the decision.  In so holding, the Court stated:

Additionally, the Legislature is free to alter the MVFRL to allow this type of exclusion; however, given the MVFRL's conspicuous silence regarding the household vehicle exclusion, we are bound to follow the plain language of Section 1738.

Gallagher v. GEICO Indemnity Co., supra. at 138, n. 7.  The household exclusion was thus invalidated by the Court.  Gallagher is applicable to this case.  The household exclusion is not available as a defense to the underinsured motorist claims of Francis J. Butta.

### (2)    Retroactive Application

In this matter, GEICO Casualty initially asserted that the Gallagher decision is not to be applied retroactively.  Apparently, it is still promoting this defense.  This Court, in cogent and well-reasoned Opinion, specifically held that the Gallagher decision is to be retroactively applied in Pennsylvania.  The holding of Judge Kearney is not limited to situations where the named insured is the same under both household policies.[15]  The same is true of the holding in Gallagher.  Thus, the Gallagher decision is applicable to the claims of Francis J. Butta.

### (h)    Premium Payments

In this matter, GEICO Casualty apparently is also contending that the application of the Gallagher decision to the claims of Francis J. Butta is unfair since the prior premium assessments did not reflect the impact of the Gallagher ruling.  Any such contentions are disingenuous, at best.[16]  In this matter, the named insureds, Francis R. Butta and Yvonne A. Butta, paid for stacked UIM benefits; the household exclusion took that stacking benefit away.  Retroactive application of Gallagher is not unfair; in fact, it merely rights the ship.  Up to this point insurers have been

---

[15]   In finding Gallagher to be retroactive, Judge Kearney did not limit the application of Gallagher to its specific facts.  In fact, Judge Kearney stated that in Gallagher the "Pennsylvania Supreme Court held this household exclusion violated Section 1738 *at least* when the same insurer agreed to stacking on different vehicles operated by family members in the same house." (emphasis added).  In fact, in Gallagher, the same insurer did not issue the household policies.  See note 1, supra.

[16]   In fact, these arguments were addressed and essentially rejected by Judge Kearney in his ruling on the retroactivity issue.

reaping a windfall, charging for stacked coverage while taking it away through the household exclusion.

In this matter, the named insured paid an *additional* premium for stacked coverage. See Appendix, Exhibit "D", Bates 105A. This premium structure is mandated by the MVFRL. In this regard, § 1738(c) provides, in part:

> The premium for an insured who exercises such waiver [of stacking] shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S.A. § 1738(c). GEICO Casualty collected an additional premium for stacked underinsured motorist benefits. That stacked benefit, however, is partially eliminated e.g. the benefit of inter-policy stacking, by the household exclusion. Stacking includes intra-policy stacking (multiple coverages on a single policy) and inter-policy stacking (multiple coverages on multiple policies). See Craley v. State Farm, supra. The named insureds, Francis R. Butta and Yvonne A. Butta, paid an additional premium for inter-policy stacking, i.e. the right to recover additional underinsured motorist benefits under the multiple policies in the household. The additional premium for stacking includes a charge for inter-policy stacking. The household exclusion surreptitiously eliminates inter-policy stacking -- a benefit for which an additional premium was paid. GEICO Casualty charged a premium for inter-policy stacking which it then eliminated by inserting a household exclusion in the Policy. The household exclusion essentially makes the benefit of inter-policy stacking illusory. Any cries of GEICO Casualty of inequity and unfairness ring hollow.

GEICO Casualty may also contend that applying Gallagher would extend to Francis J. Butta a benefit for which Francis R. Butta and Yvonne A. Butta never paid a premium and which GEICO Casualty never agreed to underwrite. These contentions, too, are disingenuous. Francis J. Butta is not getting a free ride; instead, GEICO Casualty is reaping a windfall. In this regard,

the Supreme Court recognized the fundamental unfairness of the position of insurers, such as

GEICO Casualty, in this situation.  In examining the household exclusion, the Supreme Court

stated that the household exclusion was a de facto waiver of stacking "despite the indisputable

reality that Gallagher did not sign the statutorily-prescribed UIM coverage waiver form."

Gallagher v. GEICO, 201 A.3d at 138.  The decision of the Supreme Court went on to note:

> One of the insurance industries' age-old rubrics in this area of the law is that an insured
> should receive the coverage for which he has paid.  Here, GEICO argues against this maxim
> by invoking the household vehicle exclusion to deprive Gallagher of the stacked UIM
> coverage that he purchased.

Gallagher v. GEICO, 201 A.3d at 138.  Francis J. Butta is entitled to a benefit for which a

premium was paid.  Any premium arguments of GEICO Casualty are without basis in law or in

fact.  Any claims of inequity of GEICO Casualty are meritless.

GEICO Casualty also contends that it will be prejudiced by allowing Francis J. Butta to

recover underinsured motorist benefits under his parents' policy since it would have charged a

different, higher premium for that policy had it known of the motorcycle in the household.  This

argument is an unsubstantiated creation of counsel.  There is no basis in the record for this

position.  Why?  Because it is simply not true.  It assigns a level of sophistication to the

underwriting process which does not exist.  In addition, if this were so, why did GEICO Casualty

not adjust the premium for the Auto Policy when GEICO Indemnity issued the Motorcycle

Policy?  Because the contention is a disingenuous, fabricated argument with no basis in fact.

The argument raises into question the compliance with the duty of candor to the tribunal.  The

argument is without basis in law or fact.  The household exclusion is not a bar to recovery.

## CONCLUSION

In this case, Francis J. Butta made claim upon GEICO Casualty for recovery of underinsured motorist benefits under the Personal Auto Policy issued to his parents. GEICO Casualty disclaimed coverage on the basis of the household exclusion. In <u>Gallagher</u>, the Supreme Court found that household exclusions in auto policies are invalid and unenforceable as violative of the MVFRL. That decision is applicable to the case at bar. Therefore, Francis J. Butta is entitled to partial summary judgment declaring that the household exclusion is not a bar to his claim for underinsured motorist benefits under the GEICO Casualty Personal Auto Policy.

Respectfully,

HAGGERTY, GOLDBERG,                                   SCHMIDT KRAMER P.C.
SCHLEIFER & KUPERSMITH, P.C.

BY: _____                         BY: _____
JAMES C. HAGGERTY, Esquire                            SCOTT B. COOPER, Esq.
PA Attorney I.D. # 30003                               PA Attorney ID #70242
1835 Market Street, Suite 2700                        209 State Street
Philadelphia, PA  19103                               Harrisburg, PA  17101

KOHN SWIFT

BY: _____
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
1600 Market Street,
Suite 2500
Philadelphia, PA  19103                  Attorneys for Plaintiff

22